**Jimmie L. STEELMAN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–53.

United States Court of Veterans Appeals.

July 15, 1992.

Before KRAMER, Associate Judge.

### ORDER

The Court has reviewed the motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance, appellant's informal brief, the record on appeal, and the Secretary's response to the Court's order of May 27, 1992.

■ (1) In regard to appellant's claims for entitlement to service connection for back condition and chronic allergies, the Court holds that because appellant has not presented any evidence of a present ratable disability for either condition, he is not entitled to an award of service connection. *See Rabideau v. Derwinski,* 2 Vet.App. 141, 143–44 (1992).

■ (2) In regard to appellant's claim for an increased rating for basal cell carcinomas and actinic keratoses of the chest, hands, left forearm, right shoulder, face, and right ear, currently rated as 10% disabling, the Court holds, after reviewing the original photographs of appellant, that the Board of Veterans' Appeals (BVA) finding that "[t]he scars [resulting from such condition] produce no more than slight disfigurement" is not implausible and, hence, not clearly erroneous. *Jimmie L. Steelman,* BVA 90–36249, at 9 (Oct. 31, 1990). *See Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990).

■ (3) In regard to appellant's claim for an increased rating for bursal cysts of the left shoulder, the Court notes that the BVA has failed to consider 38 C.F.R. § 4.40 (1991) in evaluating the degree of limitation of motion of appellant's left shoulder under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5201 (1991). Section 4.40 provides, in relevant part, that "functional loss may be due ... to pain, supported by adequate pathology and evidenced by the visible behavior of the claimant undertaking the motion." This Court has stated in *Schafrath v. Derwinski,* 1 Vet.App. 589, 592 (1991), that "functional loss due to pain is to be rated at the same level as the functional loss where flexion is impeded." *Cf. Lichtenfels v. Derwinski,* 1 Vet.App. 484, 488 (1991); *see also,* 38 C.F.R. § 4.45 (1991).

■ (4) In regard to appellant's claim for a compensable rating for the residuals of a fractured nose, the Court observes that appellant has stated that this service-connected condition has caused him, *inter alia,* difficulty in breathing. R. at 139–40. Because "marked interference with breathing", would entitle appellant to a 10% disability rating under 38 C.F.R. § 4.97, DC 6502 (1991), appellant was entitled to a Department of Veterans Affairs examination that he requested (R. at 179, 201) for this claim. *See* 38 U.S.C. § 5107(a) (formerly § 3007(a)); 38 C.F.R. § 3.326 (1991).

■ (5) In regard to appellant's claim for entitlement to service connection and a compensable rating for the residuals of an injury of the left finger, the Court notes that appellant has stated that he has stiffness and irritation as a result of his finger injury. R. at 128, 139–40, 185. However, the BVA did not address these conditions in its determination of service connection. *Steelman,* BVA 90–36249, at 6. Moreover, the BVA was silent as to the issue of compensability. It simply stated in relevant part:

> Resolving all reasonable doubt in [appellant's] favor, we conclude, that the scar of the left ring finger noted during service, a number of years following surgery, constitutes a residual of the injury and that service connection is warranted therefor.

And it concluded in relevant part:

> With resolution of reasonable doubt in [appellant's] favor, service connection is warranted for a scar of the left ring finger as the residual of an in[-]service injury.

*Id.* Under *Rabideau,* 2 Vet.App. at 143, service connection is warranted only where there is evidence of "both a service-connected disease or injury ... and a present ratable disability which is attributable to such disease or injury". An examination of the rating schedule in title 38 of the

Code of Federal Regulations reveals that there appears to be no rating authorized, based on the BVA determination awarding service connection, solely for a scar of the finger. Under 38 C.F.R. § 4.118, DC 7804 (1991), there is a requirement for tenderness and pain, and under DC 7805 (1991) there is a requirement for functional limitation. As indicated, the BVA did not reference these conditions in its decision. Nor does a 0% rating appear authorized under the rating schedule. *See* 38 C.F.R. §§ 4.31, 3.357(a), 4.118, DC 7804, DC 7805. In view of 38 U.S.C. § 7252(a) (formerly § 4052(a)), the issue presented is whether the Court has jurisdiction to reverse the BVA determination of "[s]ervice connection for a scar of the left ring finger...." *Steelman*, BVA 90–36249, at 10.

Upon consideration of the foregoing, it is

ORDERED that that part of the BVA decision denying appellant's claims for back condition, chronic allergies, and skin disorder is affirmed. It is further

ORDERED that the BVA decision is vacated and remanded in part for a determination of whether appellant is entitled to an increased rating for bursal cysts of the left shoulder. In readjudicating this claim, the BVA is to consider and apply 38 C.F.R. §§ 4.40, 4.45. It is further

ORDERED that the BVA decision is vacated and remanded in part for a determination of whether appellant is entitled to a compensable rating for residuals of a fractured nose under 38 C.F.R. § 4.97, DC 6502. In readjudicating this claim, the BVA is to order an examination of appellant pursuant to 38 C.F.R. § 3.326 (1991). Upon remand, appellant is free to introduce additional evidence of his disability. It is further

ORDERED that the Secretary shall file, within 30 days of the date of this order, a legal memorandum addressing the issue of

the Court's jurisdiction indicated in numbered paragraph five above. The Court also invites the submission, within 60 days after the date of this order, of the views of any *amicus curiae* upon the foregoing issue. The Clerk of the Court is directed to submit only this issue to a panel for consideration.