**Nadine M. OSBORNE, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1014.**

United States Court of Veterans Appeals.

Oct. 16, 1992.

George T. Estry (non-attorney practitioner), was on the brief, for appellant.

James A. Endicott, Gen. Counsel, Barry Tapp, Asst. Gen. Counsel, Thomas A. Mclaughlin, Deputy Asst. Gen. Counsel, and Michael A. Leonard, Washington, D.C., were on the brief for appellee.

Before KRAMER, FARLEY and MANKIN, Associate Judges.

KRAMER, Associate Judge:

Appellant seeks a reversal of a March 13, 1991, decision of the Board of Veterans' Appeals (BVA) denying appellant, the spouse of a deceased veteran, entitlement to non-service-connected burial benefits. We affirm.

## I. BACKGROUND

Appellant's spouse (the veteran) served on active duty from February 1943 to October 1945. R. at 1. He had been awarded a non-compensable service-connected rating for a scar of the right thigh, and he was not in receipt of non-service-connected pension benefits. *In the Appeal of Nadine Osborne*, BVA 91–08025, at 2 (Mar. 13, 1991). On November 29, 1989, appellant called a private ambulance to transport the veteran, who was seriously ill, to the Department of Veterans Affairs (VA) Medical Center (MC) in Kansas City, Missouri. R. at 21. Upon arrival at the veteran's home, a paramedic, who was also apparently a registered nurse employed by the VA, called the VAMC and spoke with Dr. Jamieson, who advised her to transport the veteran to the VAMC. R. at 31. While en route, the veteran developed life-threatening cardiac arrhythmia and was diverted to a private hospital. Once at the private hospital, the VA nurse called Dr. Jamieson, who apparently agreed with the decision to divert the veteran. The veteran died at the private hospital. R. at 5. Appellant applied for burial benefits. R. at 3, 14.

The BVA found that, at the time of his death, the veteran was not in receipt of compensation or pension, did not have a claim pending for either, and was not indigent. *In the Appeal of Nadine Osborne*, BVA 91–08025, at 4. Appellant maintains that she meets the criteria for payment of non-service-connected burial benefits, notwithstanding the fact that the veteran was not in receipt of disability compensation or pension. Appellant's Brief at 2–4.

## II.

■ The first issue presented here is whether the veteran qualifies for a burial allowance under 38 U.S.C. § 2302(a)(1) (formerly § 902(a)(1)) and 38 C.F.R. § 3.1601(b)(1) (1991). Section 2302(a)(1) entitles a veteran whose death is non-service-connected to a burial allowance if "at the time of death [the veteran] was in receipt of [VA] compensation ... or ... pension...." It is undisputed that the veteran was not in receipt of pension. As to compensation, for purposes of this case, the Court will assume that the veteran was properly service connected. *Cf. Steelman v. Derwinski,* 2 Vet.App. 596 (1992) (single

judge action). Compensation is defined in terms of "monthly payment." *See* 38 U.S.C. § 101(13); 38 C.F.R. § 3.4(a) (1991). Here, because the veteran was not receiving any monthly payment, he was not in receipt of compensation.

## III.

■ The second issue is whether the veteran qualifies for burial allowance under 38 U.S.C. § 2303(a) (formerly § 903(a)) and 38 C.F.R. § 3.1601(c) (1991). Section 2303 entitles a veteran to a burial allowance and transportation costs "[w]hen a veteran dies in a [VA] facility (as defined in section 1701([3]) [sic] [formerly § 601(4)] of this title) to which the deceased was properly admitted for hospital ... care...." "VA facility" is defined, in relevant part, as "facilities over which the [Secretary of Veterans Affairs (Secretary)] has direct jurisdiction." 38 U.S.C. § 1701(3)(A) (formerly § 601). As the Court stated in *Melson v. Derwinski*, 1 Vet.App. 334, 337 (1991), "[i]n order to recover under § [2303(a)], the veteran must have died in a VA facility...." The veteran died in a private hospital over which the Secretary had no direct jurisdiction. Thus, the veteran did not die in a VA facility.

## IV.

■ The last issue is whether the veteran is entitled to "burial, funeral, plot, interment, and transportation expenses" under 38 C.F.R. § 3.1605(a) (1991). Section 3.1605(a) provides in relevant part:

> When a veteran while traveling under proper prior authorization and at Department of Veterans Affairs expense to ... a specified place for the purpose of:
> (1) Examination; or
> (2) Treatment; or
> (3) Care
> *dies enroute* [sic], burial, funeral, plot, interment, and transportation expenses will be allowed as though death occurred while properly hospitalized by the Department of Veterans Affairs.

(Emphasis added.) In order to qualify for benefits under this section, a claimant must have "proper prior authorization" and must "die[] enroute" [sic]. With respect to appellant's argument that the veteran's transport to a private hospital was authorized by the VA and, hence, burial benefits were authorized, the Court notes that the record is silent on whether the veteran had proper authorization. Nevertheless, even assuming prior authorization, 38 C.F.R. § 3.1605(a) requires that a claimant die "enroute" [sic]. BLACK'S LAW DICTIONARY 530 (6th ed. 1990), defines "en route" as "on the way; in the course of a voyage or journey; in course of transportation." It is uncontested that the veteran died in a private hospital to which he had been diverted because of his condition. The decision to divert was apparently made with the concurrence of a VA physician. There is no indication that the diversion was to be temporary and that resumption of travel to a VA facility was intended. Under the circumstances, we hold that the veteran did not die "enroute" [sic], and consequently, the appellant is not eligible for burial expenses under this regulation.

## V. CONCLUSION

For the reasons set forth above, the decision of the Board of Veterans' Appeals is AFFIRMED.

*It is so Ordered.*