NIES, Chief Judge.
 

 Samuel D. Butler, Jr., appeals from the order of the United States Court of Veterans Appeals, 1 Vet.App. 617 (April 5,1991), dismissing, for lack of jurisdiction, his appeal from the decision by the Board of
 
 *140
 
 Veterans’ Appeals denying his claim for service connected injuries. We affirm.
 

 BACKGROUND
 

 In 1943, Butler contracted spinal meningitis while serving active duty in the Army Air Force. He was awarded an entitlement to service connection for an organic brain syndrome and began receiving service-connected pension benefits in 1978. His entitlement to service connection was severed in 1982 after a board of three Department of Veterans Affairs psychiatrists found that the proper diagnosis was bipolar disorder, and that the data did not substantiate the presence of residual impairment from in-service spinal meningitis. The Board upheld the severance in September 1984.
 

 Butler’s case was subsequently reopened and, in September 1988, the agency again denied his claim for service connection. Butler appealed to the Board and on March 6, 1990, the Board mailed its decision upholding the agency denial of his claim. Butler filed a notice of appeal (NOA) to the Court of Veterans Appeals on July 17, 1990, acknowledging that it had been filed more than 120 days after the Board’s decision was mailed and asserting good cause for the delay. In August 1990, he filed a motion for reconsideration with the Board which was denied on December 7, 1990. Butler then filed a supplemental pleading in the Court of Veterans Appeals asserting that his appeal of the March 6, 1990, decision was timely filed in view of the timely appeal of the reconsideration decision. The Court of Veterans Appeals dismissed Butler’s appeal for lack of jurisdiction based upon untimeliness and Butler now appeals that decision to this court.
 

 DISCUSSION
 

 I.
 

 Untimeliness Under Section 7266
 

 This case raises an issue of statutory interpretation and is, thus, within the limited scope of review set forth in 38 U.S.C.A. § 7292(d) (West 1991).
 
 [1]
 

 See Livingston v. Derwinski,
 
 959 F.2d 224, 225 (Fed.Cir.1992).
 

 Under 38 U.S.C.A. § 7266 (West 1991), Congress established, in mandatory terms, a time limitation for filing an appeal to the Court of Veterans Appeals. Section 7266(a) provides:
 

 In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans’ Appeals, a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the [final] decision is mailed pursuant to section 7104(e) of this title.
 

 Butler admittedly filed his first NO A more than 120 days after the Board’s final decision on the merits was mailed. However, he argues that the Court of Veterans Appeals has leeway to determine whether or not there was good cause for his filing the NO A after the expiration of the allowable time period. Butler asserts his late filing was due to a combination of his psychiatric problems, lawyer problems and mail delays.
 

 Courts created by statute have only that jurisdiction conferred upon them by statute.
 
 Finley v. United States,
 
 490 U.S. 545, 547-48, 109 S.Ct. 2003, 2005-06, 104 L.Ed.2d 593 (1989);
 
 Christianson v. Colt Indus. Operating Corp.,
 
 486 U.S. 800, 818, 108 S.Ct. 2166, 2178-79, 100 L.Ed.2d 811 (1988). The 120-day limitation imposed by Congress limits the jurisdiction of the Court of Veterans Appeals to hear appeals from the Board of Veterans’ Appeals.
 
 See Placeway Constr. Corp. v. United States,
 
 713 F.2d 726, 728 (Fed.Cir.1983) (similar Congressional time limitation “defines the
 
 *141
 
 jurisdiction of this court to hear appeals from the various boards of contract appeals”). Section 7266 makes compliance with the 120-day limit a prerequisite to Court of Veterans Appeals review and “does not authorize the court to extend that time.”
 
 Machado v. Derwinski,
 
 928 F.2d 389, 391 (Fed.Cir.1991). Butler seeks to circumvent explicit Congressional language by asking the Court of Veterans Appeals to extend the legislatively mandated 120-day time period upon a showing of good cause. However, the Court of Veterans Appeals simply cannot evade Congress’s limitation upon its jurisdiction by furnishing an extension which Congress has not empowered it to provide.
 

 Although often effecting a seemingly harsh result, courts cannot disregard jurisdictional requirements established by Congress out of sympathy for particular litigants.
 
 Baldwin County Welcome Center v. Brown,
 
 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984).
 
 See also Mohasco Corp. v. Silver,
 
 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980) (“[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.”). Accordingly, we hold that section 7266(a) does not allow an extension of time upon a showing of good cause. We therefore do not reach the issue of whether the factors asserted by Butler constitute good cause.
 

 II.
 

 The Motion for Reconsideration
 

 Butler next argues that the 120-day limitation period for an appeal on the merits begins running on the date a claimant’s motion for reconsideration is denied instead of the date on which the Board mails the notice of the final decision on the merits. He asserts that by starting the 120-day period when the decision on the merits is mailed, the Court of Veterans Appeals effectively eliminates review of any case in which a veteran’s request for rehearing is not decided within 120 days.
 

 We begin our analysis by noting that
 
 both
 
 Butler’s NOA
 
 and
 
 his motion for reconsideration were filed more than 120 days after the Board mailed its decision on the merits. He, therefore, cannot argue that his motion for reconsideration somehow tolled the time period for filing an appeal on the merits for the simple reason that the 120-day period had already expired.
 
 See Rosler v. Derwinski,
 
 1 Vet.App. 241, 245 (1991).
 

 It is implicit in the tolling principle that the motion for reconsideration must be made within the time period for filing a judicial appeal from the decision which is the subject of the reconsideration motion. Otherwise, the appeal period would already have elapsed and thus could not be tolled.
 

 Id.
 
 Accordingly, we need not discuss the possible effects of filing a motion for reconsideration
 
 within
 
 the 120-day period allowed for an appeal on the merits; a situation not presented by Butler.
 

 We now turn to Butler’s argument that the limitation period began running upon the denial of his motion for reconsideration. While Butler’s brief is somewhat unclear on this point, he apparently argues either that (1) the only decision which “triggers” the running of the 120-day time period is the decision denying the motion for reconsideration, or (2) a time-barred appeal on the merits is “revived” by the denial of the motion for reconsideration and the 120-day period restarts from that point. Neither theory is persuasive.
 

 Both of Butler’s theories tie the limitation period for an appeal on the merits exclusively to the Board’s denial of a motion for reconsideration. Because such a motion may be brought, and hence denied, at any time,
 
 see
 
 38 C.F.R. § 19.186 (1991), Butler essentially argues for perpetual review on the merits. Under his “trigger” theory, a review on the merits may be brought at any time provided that the petitioner never files a motion for reconsideration, as it is denial of that motion which triggers the running of the limitation period. Under Butler’s “revival” theory, a review on the merits may be brought at
 
 *142
 
 anytime provided it is preceded by a motion to reconsider, as the motion to reconsider revives the time-barred appeal on the merits.
 

 In
 
 Interstate Commerce Comm’n v. Brotherhood of Locomotive Eng’rs,
 
 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), the Supreme Court rejected the perpetual review advocated by Butler. There, the Supreme Court analyzed the effects of a motion for reconsideration upon the 60-day limitation for judicial review within the Hobbs Act, 28 U.S.C. § 2341
 
 et seq.
 

 [2]
 

 In discussing the policies involved in judicial review of an agency denial of a motion for reconsideration, the Court stated:
 

 [It is] but the most plebeian statutory construction to find implicit in the [time] limit upon judicial review a prohibition against the agency’s permitting, or a litigant’s achieving, perpetual availability of review....
 

 482 U.S. at 281, 107 S.Ct. at 2367. Although the Court in
 
 Locomotive Eng’rs
 
 was addressing the “one-step-removed” review of the denial of motions for reconsideration,
 
 id.
 
 at 279, 107 S.Ct. at 2366, as opposed to the review on the merits sought by Butler, its concerns are similar to those presented in the present case.
 

 Therefore, in light of statutory construction and finality considerations, we hold that the time limit for bringing an appeal on the merits to the Court of Veterans Appeals expires 120 days after the Board mails its final decision on the merits to the claimant, and that a motion for reconsideration filed after that time limit expires, and which is denied, does not restart the period for appeal of the underlying merits decision.
 

 CONCLUSION
 

 The Court of Veterans Appeals’ decision dismissing Butler’s appeal as untimely is
 

 AFFIRMED.
 

 [1]
 

 . Pursuant to the Department of Veterans Affairs Health-Care Act of 1991, Pub.L. No. 102-40, § 402(b)(1), 105 Stat. 187, 238-39 (May 7, 1991), chapters 51 through 85 of title 38, United States Code, were "redesignated so that the first two digits of the section number of [each] section are the same as the chapter number of the chapter containing that section.” Accordingly, 38 U.S.C. § 4051
 
 et seq.
 
 has been recodified as 38 U.S.C. § 7251
 
 et seq.
 
 Statutes throughout this opinion will be cited under their new designations.
 

 [2]
 

 . Not all motions for reconsideration are reviewable. As the Supreme Court stated in
 
 Locomotive Eng’rs,
 
 “If the petition that was denied sought reopening on- the basis of new evidence or changed circumstances, review is available and abuse of discretion is the standard; otherwise, the agency’s refusal to go back over ploughed ground is nonreviewable.” 482 U.S. at 284, 107 S.Ct. at 2368.