**Ponce L. JONES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1764.**

United States Court of Veterans Appeals.

Submitted March 20, 1992.

Decided April 23, 1992.

As Amended April 28, 1992.

Ponce L. Jones, pro se.

Robert E. Coy, Acting Gen. Counsel, and Barry M. Tapp, Asst. Gen. Counsel, Washington, D.C., were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Associate Judges.

PER CURIAM:

On November 25, 1991, the Court ordered appellant, Ponce L. Jones, to show cause why his appeal should not be dismissed for lack of jurisdiction, since his Notice of Appeal (NOA) was received 276 days after the expiration of the 120–day appeal period prescribed by 38 U.S.C. § 7266(a) (formerly § 4066(a)). In his response, appellant perforce challenges 38 U.S.C. § 7266(a) as applied to the facts he asserts. In an effort to enlarge the 120–day NOA time period, he states that his mental impairment caused an inability to

function as normal and to care for his affairs; he also submits a doctor's statement to the effect that he suffered from a major mental illness and was hospitalized. He does not say at what time he suffered the affliction, so we will deem that it was at a relevant time for purposes of his argument.

We hold that the jurisdictional period for noting an appeal imposed by 38 U.S.C. § 7266(a) cannot be extended or its commencement postponed for the reason advanced by appellant. *See Butler v. Derwinski,* 960 F.2d 139, 141 (Fed.Cir.1992); *see also* 38 U.S.C. § 7292(d)(2)(B) (formerly § 4092(d)(2)(B)); *Livingston v. Derwinski,* 959 F.2d 224, 225–26 (Fed.Cir.1992).

We do not deem *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), to control this question. *Irwin* dealt with whether a statute of limitations for commencing a suit or civil action against the government in a federal district court could be enlarged through the doctrine of equitable tolling. As observed above, and as deemed critical by the United States Court of Appeals for the Federal Circuit in *Butler,* section 7266 defines the jurisdiction of this Court to hear appeals and "does not authorize the court to extend that time." *Butler,* at 141 (*citing Machado v. Derwinski,* 928 F.2d 389, 391 (Fed. Cir.1991)). To the extent this Court's decision in *Elsevier v. Derwinski,* 1 Vet.App. 150 (1991), suggests that the doctrine of equitable tolling is "potentially applicable" to the 120–day statutory period for noting an appeal to this Court, *Id.* at 154, we deem the *Butler* decision to have overruled it.

Accordingly, this appeal is dismissed for want of jurisdiction.