KRAMER and STEINBERG, Associate Judges,
dissenting:
A majority of the en banc Court, following the decision of a panel of the Court in the Ponce Jones case, infra, has determined that it is compelled to rule that, under all circumstances, the 120-day judicial appeals period for this Court is inviolate. We do not join in the Court’s order *604 because we think it premature to dispose, without in-depth examination, of the important issues involved as to the applicability of the doctrines of equitable tolling and equitable estoppel to appellants before this Court. The questions we believe need detailed analysis will be enumerated below, but, first, we will summarize the relevant jurisdictional facts in the four cases which have been consolidated for purposes of consideration of these issues.
On October 29, 1991, appellant Dudley, proceeding pro se, filed with the Clerk of the Court a Notice of Appeal (NOA) challenging a Board of Veterans’ Appeals (BVA or Board) decision mailed to him 19 months earlier, on March 29, 1990. The Secretary of Veterans Affairs (Secretary) filed a motion to dismiss because the NOA was not filed within the 120-day statutory appeals period. 38 U.S.C. § 7266(a) (formerly § 4066). The Court ordered appellant to notify the Court whether he opposed the Secretary’s motion. Appellant, still pro se, responded with a letter that failed completely to address his failure to meet the NOA filing deadline. According to the Board’s decision, appellant has been diagnosed since 1977 as suffering from schizophrenia for which he was seeking service-connected disability compensation.
On October 18,1991, appellant McCafferty, then proceeding pro se, filed with the Clerk of the Court an NOA appealing a BVA decision mailed 191 days earlier, on April 10, 1991. The Court, sua sponte, ordered appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant responded to the Court’s order by submitting sworn affidavits from appellant, by then represented by an attorney, and from appellant’s brother, apparently to explain why the NOA was filed out of time. In the affidavits, the two brothers assert that appellant had been deemed incompetent by the Social Security Administration, that he did not understand the appeals process, and that he had asked his brother to look over the materials sent to him by the BVA and make inquiries regarding an appeal. Apparently, appellant’s brother did not see the materials until after the 120-day statutory appeals period had expired. Here, too, appellant’s claim before the BVA involved, inter alia, a claim for service-connected disability compensation for schizophrenia.
On February 25, 1992, appellant DuBois, then proceeding pro se, filed with the Clerk of the Court an NOA appealing a BVA decision mailed 183 days earlier, on August 26, 1991. The Court, sua sponte, ordered appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant, by then represented by an attorney, responded to the Court’s order, stating that appellant receives drug therapy for major depression which has caused him “loss of memory, forgetfulness and even amnesia”. As a result, appellant stated, he missed the 120-day statutory filing deadline. The underlying disability compensation claim here, unlike those, of the first two appellants, does not involve his psychiatric impairment.
On February 24, 1992, appellant Williams, proceeding pro se, filed with the Clerk of the Court an NOA appealing a BVA decision mailed 130 days earlier, on October 17, 1991. Appellant attached to the NOA a letter, addressed to appellant, which appears to be from a Department of Veterans Affairs (VA) adjudication officer in response to a letter to VA from appellant indicating that he disagreed with the BVA decision. The letter stated: “[Y]ou have the option of appealing your case to the Court of Veterans Appeals, Washington, D.C. You have to contact the Court ... within 150 days from the date of the [BVA] decision ..., which means [that an] appeal to the Court ... must be sent by March 15, 1992.” In response to a Court order issued sua sponte, the Secretary filed a preliminary record showing that appellant Williams was sent by the Board the standard notice of appellate rights (specifically stating that the veteran may appeal a final BVA decision to this Court by filing an NOA with this Court within 120 days from the mailing date of the BVA decision and further stating the correct address for the Court) as an enclosure with his BVA decision. This appellant’s underlying claim and his reason for filing an NOA out of time do not involve a psychiatric impairment.
*605 The burden of establishing jurisdiction generally rests with an appellant. See McNutt v. GMAC, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935); Bethea v. Derwinski, 2 Vet.App. 252 (1992). To be timely filed under this Court’s rules (U.S.Vet.App.R. 4) and precedents construing 38 U.S.C. § 7266(a), an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. See Elsevier v. Derwinski, 1 Vet.App. 150 (1991) (to be filed properly, an NOA must be physically received by the Court within 120 days after the date on which notice of the BVA decision was mailed); Torres v. Derwinski, 1 Vet.App. 15 (1990). In Torres, the Court held that “[t]he timely filing of a notice of appeal is ‘mandatory and jurisdictional.’ ” Id. at 17 (quoting United States v. Robinson, 361 U.S. 220, 224, 229, 80 S.Ct. 282, 285, 288, 4 L.Ed.2d 259 (1960)). Since this Court’s jurisdiction derives exclusively from statutory grants of authority provided by Congress, the Court may not extend its jurisdiction beyond that permitted by law. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); see also Butler v. Derwinski, 960 F.2d 139 (Fed.Cir.1992); Prenzler v. Derwinski, 928 F.2d 392 (Fed.Cir.1991); Skinner v. Derwinski, 1 Vet.App. 2 (1990).
However, in Irwin v. Veterans Admin., 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court made principles of equitable tolling applicable to suits against the Government which involve time requirements, and in Elsevier this Court concluded “that Irwin makes the rule of equitable tolling applicable to the 120-day time limit of 38 U.S.C. [§ 7266(a) ] for filing an NOA with this Court.” Elsevier, 1 Vet.App. at 153-54.
Recently, the Court of Appeals for the Federal Circuit ruled, in Butler, supra, that “good cause” does not provide a basis for extending this Court’s 120-day statutory appeals period. See U.S.Vet.App.R. 26(b). Neither the opinion nor the briefs of either party there mentions Irwin, Elsevier, equitable tolling, or equitable estoppel. Even more recently, in Jones v. Derwinski, 2 Vet.App. 362 (1992), a panel of this Court, in reliance on Butler, determined that Irwin did not make the doctrine of equitable tolling applicable to this Court’s 120-day statutory appeals period. The panel in Jones further determined that the Butler decision had overruled Elsevier. Jones, 2 Vet.App. at 363.
The consolidated cases raise the question of whether the principles of equitable tolling or equitable estoppel, respectively, should be applied to stay the running of the 120-day statutory appeals period because of an appellant’s mental incapacity or because of affirmatively misleading statements made to an appellant by an officer of the VA. Until the following issues are addressed, we are unable to determine whether these cases should be dismissed:
(1) Whether Butler, supra, precludes, in light of Irwin, supra, the application of equitable tolling generally to the Court’s 120-day statutory appeals period, or whether Butler decided only that the 120-day period may not be extended based on “good cause” shown by an appellant. See U.S.Vet.App.R. 26(b).
(2) Whether Irwin provides for application of equitable tolling principles to only statutes of limitations and not to jurisdictional statutes governing time limits for filing judicial appeals. See Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir.1990); see also Torres v. Derwinski, 1 Vet.App. 15, 17 (1990).
(3) Whether Irwin applies only to a suit or civil action against the government commenced in a federal district court. See Ponce Jones, supra.
(4) Whether, if jurisdictional statutes and statutes of limitations are distinguishable for the purpose of equitable tolling, the Court’s statutory appeals period is “jurisdictional” for such purpose. 38 U.S.C. § 7266(a); see Machado v. Derwinski, 928 F.2d 389 (Fed.Cir.1991); Butler, 960 F.2d at 140-41; Torres, 1 Vet.App. at 17. Compare Bowen v. City of New York, 476 U.S. 467, 479-83, 106 S.Ct. 2022, 2029-31, 90 L.Ed.2d 462 (1986), and Zipes v. TWA, 455 U.S. 385, 392-98, 102 S.Ct. 1127, 1131-35, 71 *606 L.Ed.2d 234 (1982), with Shendock v. Director, Office of Workers’ Compensation Programs, 893 F.2d 1458, 1459, 1462-63 (3d Cir.1990).
(5) Whether, if equitable tolling ever may be applied to the Court’s statutory appeals period, it may be applied in any of the consolidated cases. See Johnsen v. United States, 758 F.Supp. 834 (E.D.N.Y.1991); cf. Butler, supra.
(6) If equitable tolling is potentially applicable in this Court in any case involving an appellant’s mental incapacity, how mental incapacity should be defined and determined for purposes of applicability.
(7) Whether the application of equitable tolling or equitable estoppel is required in any of the four consolidated cases by the due process clause of the fifth amendment of the U.S. Constitution. See Canales v. Sullivan, 936 F.2d 755 (2d Cir.1991); Culbertson v. Secretary of Health and Human Services, 859 F.2d 319 (4th Cir.1988); Parker v. Califano, 644 F.2d 1199, 1203 (6th Cir.1981).
We are hopeful that these issues will ultimately be addressed on appeal to the Federal Circuit.