**Robert I. OSTERMILLER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.**

No. 91–1680.

United States Court of Veterans Appeals.

Aug. 12, 1992.

Before STEINBERG, Associate Judge.

**ORDER**

On September 30, 1991, appellant filed with this Court a Notice of Appeal (NOA) challenging a Board of Veterans' Appeals (BVA) decision dated April 25, 1991. Appellant's NOA was received by the Court 158 days after the BVA decision was issued. On April 24, 1992, the Secretary of Veterans Affairs (Secretary) moved to dismiss this appeal for lack of subject-matter jurisdiction on the basis that appellant's NOA had been filed more than 120 days after the decision was mailed by the BVA. On May 13, 1992, the Court directed appellant to notify the Court as to whether he was opposed to the Secretary's April 24 motion to dismiss.

On June 3, 1992, appellant filed a response opposing the Secretary's motion to dismiss. Appellant states that he has a limited education and does not understand the rules and regulations that must be followed. He further states that he sought assistance from the American Legion in filing his appeal but to no avail. He states that he contacted an attorney but could not afford the attorney's fee. He also alleges that he was incorrectly advised by the Department of Veterans Affairs Regional Office (VARO), Portland, Oregon, that he could request an extension of time in which to file his appeal. He explains that the staff at his county Veterans' Service Office finally assisted him in preparing a short statement that he wished to appeal the April 25, 1991, BVA decision. Unfortunately, appellant sent this statement to the VARO in Portland rather than to the Court. According to the date stamp, it was received by the VARO on August 27, 1991, even then, over 120 days after the presumed April 26, 1991, mailing of notice of the BVA decision. *See Ashley v. Derwinski,* 2 Vet.App. 307 (1992). Approximately one month later, the VARO forwarded the NOA to the Court, which received and filed it on September 30, 1991.

The ultimate burden of establishing jurisdiction rests with an appellant. *McNutt v. GMAC,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski,* 2 Vet.App. 252, 255 (1992). To be

timely filed under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a) (formerly § 4066), an NOA must, in fact, be received by the Court within 120 days after the BVA decision is mailed to an appellant. *Butler v. Derwinski,* 960 F.2d 139 (Fed.Cir. 1992); *Elsevier v. Derwinski,* 1 Vet.App. 150, 152 (1991) (to be properly filed, an NOA must be physically received by the Court within 120 days after the date on which the BVA decision was mailed). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *Butler v. Derwinski, supra; Skinner v. Derwinski,* 1 Vet.App. 2 (1990). In the consolidated cases of *Dudley, et al. v. Derwinski,* 2 Vet.App. 598, 599, (U.S.Vet.App.1992), the en banc Court concluded that recent cases of the Court of Appeals for the Federal Circuit and this Court make clear that there may be no extensions for any purpose of the 120–day judicial appeals period. *See Butler,* 960 F.2d at 140–41, *Jones (Ponce) v. Derwinski,* 2 Vet.App. 362 (1992). Since this appeal from a BVA decision dated April 25, 1991, was not received by the Court until 158 days after the mailing date of notice of the BVA decision, it is untimely.

Accordingly, it is

ORDERED that the Secretary's motion is granted and this appeal is dismissed for lack of jurisdiction.