5 F.3d 1505
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Eligio B. MANUEL, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7033.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1993.
 
 Before NEWMAN, MAYER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eligio B. Manuel appeals the decision of the United States Court of Veterans Appeals (CVA) dismissing his appeal for lack of jurisdiction. Manuel v. Derwinski, No. 92-308 (Ct.Vet.App. Oct. 7, 1992).* Because this court lacks jurisdiction over this appeal, we dismiss.
 
 
 2
 On November 15, 1989, the Board of Veterans Appeals (BVA) rendered a decision denying Manuel service connection under 38 U.S.C. Secs. 310, 331 (1988) for his chronic left chest injury residuals allegedly caused by a Japanese soldier while Manuel was a prisoner of war during World War II. The decision was presumed mailed on the next business day. Almost 2 years later, on October 22, 1991, the CVA received Manuel's appeal from the BVA decision. The CVA ordered Manuel to show cause why his appeal should not be dismissed for lack of jurisdiction. Manuel responded that he had submitted a letter to the Veterans Affairs Regional Office in Manila, Philippines on December 26, 1989 professing his intent to appeal to the CVA.
 
 
 3
 The CVA's jurisdiction to hear appeals is strictly circumscribed by statute. 38 U.S.C. Sec. 7266(a) (Supp.III 1991). The CVA must receive the notice of appeal within 120 days of the mailing date of the BVA decision. This court has held that the 120-day period in which to appeal may not be tolled or extended for good cause, but is an unyielding limit on the CVA's jurisdiction. Butler v. Derwinski, 960 F.2d 139, 141 (Fed.Cir.1992). Because the CVA received Manuel's appeal more than 120 days after the mailing date of the BVA decision, it did not have authority to hear the merits of Manuel's appeal. The CVA therefore dismissed for lack of jurisdiction. That decision was timely appealed to this court.
 
 
 4
 This court's jurisdiction to review a decision of the CVA is also strictly limited by statute. We lack the authority to entertain the merits of an appeal if the petitioner, as in this case, challenges only factual determinations or the application of a law or regulation to his claim, or raises a legal question that does not contest the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation. 38 U.S.C. Secs. 7292(c), (d)(1)-(2) (Supp.III 1991). Accordingly, the appeal is dismissed. See Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992).
 
 
 
 *
 Edward J. Derwinski resigned from his position as Secretary of Veterans Affairs, effective January 21, 1993