Charles E. THOMPSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–264.

United States Court of Veterans Appeals.

Dec. 4, 1995.

Before KRAMER, IVERS, and STEINBERG, Judges.

ORDER

PER CURIAM.

On March 22, 1993, the appellant filed a Notice of Appeal (NOA) from a March 23, 1992, Board of Veterans' Appeals (BVA or Board) decision which had denied entitlement to service connection for an acquired psychiatric disorder, to include post-traumatic stress disorder. In June 1993, the Court ordered the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction because the NOA had been filed more than 120 days after the date of the BVA decision. *See* 38 U.S.C. § 7266(a). The appellant filed a response, contending that he had not received the BVA decision until January 1993. Subsequently, the Secretary moved to dismiss the appeal, and both parties then filed further pleadings.

On August 25, 1995, the Court issued an opinion granting the Secretary's motion and dismissing the appeal for lack of jurisdiction due to an untimely filed NOA. *See* 38 U.S.C. § 7266(a). The Court held, inter alia, that the presumption of regularity that the BVA had properly mailed a copy of the BVA decision to the appellant's authorized representative pursuant to 38 U.S.C. §§ 5104(a) and 7104(e) was rebutted by clear evidence that the BVA had used the flat mailing process to send a copy of the decision to the Department of Veterans Affairs (VA) regional office (RO) for delivery to the appellant's representative. *Thompson v. Brown,* 8 Vet.App. 169, 180 (1995). The Court determined that the appellant's authorized representative at the time the BVA decision was issued was the Georgia Department of Veterans Service (SDVS) in Atlanta [hereinafter the Atlanta SDVS]. *Ibid.* The Court held that there was a mailing defect but that it had been cured by the Atlanta SDVS's actual receipt, which the Court inferred from the facts, of the BVA decision. *Id.* at 181.

In its opinion, the Court noted various deficiencies in the nature and content of affidavits submitted by the Secretary as to whether the Atlanta SDVS had received a copy of the March 1992 BVA decision, or notice of it, but concluded that the evidence

before it was sufficient for the Court to make a reasonable inference that the Atlanta SDVS had received a copy of the decision no later than April 3, 1992. *Ibid.* The Court noted that the Secretary had submitted to the Court copies of a cover letter and BVA decision which had been provided by the Valdosta, Georgia, SDVS office [hereinafter Valdosta SDVS], and inferred from the following facts that the Atlanta SDVS had provided the copy of the BVA decision to the Valdosta SDVS office: (1) "the Atlanta SDVS office had a BVA cover sheet in its file identified with the veteran's name"; (2) "the Valdosta SDVS office had a copy of the BVA decision and cover sheet with a hand-written notation in the upper right hand corner 'CC: Dept. of Veterans Service, DVARO, Atlanta, GA', the notation ... which ... the BVA would have made, in regular course, to designate to which RO the decision copy should be provided by flat mail"; and (3) the "Ashworth [BVA] declaration stated that the annotation 'indicate[s] that the copy of the decision was to be sent to [the SDVS], Georgia, located at the Atlanta, Georgia, VARO.'" *Ibid.*

On September 1, 1995, the appellant filed a "Reply to the Court's decision". On September 5, 1995, he filed a motion for en banc review. On September 11, 1995, he filed a motion to amend his motion for review. On September 15 and 28, 1995, the Court received pleadings from the veteran which seek further to amend his motion for review. In his pleadings, the appellant does not dispute that his representative was the Atlanta SDVS but raises questions relating to the basis for the Court's inference, drawn from the various facts before the Court, of actual receipt by that office of a copy of the March 1992 BVA decision. Essentially, the appellant asserts that there is no evidence of the date of actual receipt by the Atlanta SDVS office; that there is no statement from that office that it received a copy; that the May 1995 Ashworth declaration stated that the BVA "has no means of determining the exact date on which the Department of Veterans Service, Georgia, received the Board's March 23, 1992, decision"; and that the affidavit from Mr. Roby, of the Atlanta SDVS, and the cover letter attached to the BVA decision

cast doubt on the Court's inference that the SDVS Atlanta Office had sent to the Valdosta SDVS the copy of the BVA decision because that cover letter did not contain a VA date stamp on it, yet the Valdosta SDVS's copy of the cover letter had a VA date stamp (March 23, 1992) on it.

In light of the appellant's various pleadings submitted in connection with his pending motion for en banc review, a majority of the panel is of the view that sua sponte reconsideration of its August 25, 1995, decision is warranted. By separate order issued today, the en banc Court is dismissing as moot the motion for en banc review.

On consideration of the foregoing, it is

ORDERED, sua sponte, by a majority of the panel, that the Court's decision in its August 25, 1995, opinion will be reconsidered insofar as its dismissal of the appeal due to an untimely filed NOA and the holding, in the last three paragraphs of the opinion, on which that dismissal was based, that the appellant's representative, the Atlanta SDVS office, had actually received, not later than April 3, 1992, a copy of the March 23, 1992, BVA decision, thus curing the Board's defect in mailing notice of that decision to that office pursuant to 38 U.S.C. § 7104(e). *Thompson, supra.* It is further

ORDERED that, in order to assist the Court in its sua sponte reconsideration, the appellant's September 15 and 28, 1995, correspondence is accepted as part of his pleadings in this case and will be filed as of the date of this order and considered as part of the Court's reconsideration. It is further

ORDERED that, in order further to assist the Court in its sua sponte reconsideration, the Secretary, within 30 days after the date of this order, file with the Court, and serve on the appellant, a response, specifically addressing the appellant's contentions, identified above. It is further

ORDERED that the Secretary obtain copies of any and all documents relevant to the receipt of the March 1992 BVA decision by the Atlanta SDVS that are contained in the files of the Atlanta and Valdosta SDVS offices and submit, within 30 days after the

date of this order, and serve on the appellant, a Second Supplemental Preliminary Record. The Second Supplemental Preliminary Record shall include the following: (1) copies of any such documents; (2) copies of any affidavits previously submitted which relate to the issue and were not included in the Preliminary Record; and (3) appropriate affidavits (including, unless infeasible, direct affidavits from all persons providing relevant information) which rectify the deficiencies noted by the Court in its August 25, 1995, opinion, *ibid.*, and clarify whether the claims file referred to in the May 1995 Roby affidavit ("Mr. Thompson's claim file was reviewed on May 2, 1995") was at the Atlanta SDVS office or at the Atlanta VARO, and explain, to the extent possible, which organization made the March 31, 1992, and April 3, 1992, date-stamp notations on the copy of the March 23, 1992, Board decision submitted as exhibit 4 to the Secretary's May 17, 1995, response. It is further

ORDERED that the appellant, within 45 days after the date of service of the Secretary's response to this order and of the Second Supplemental Preliminary Record, may file a reply. Such reply will address only the question of receipt by the Atlanta SDVS of a copy of the March 1992 BVA decision and the implications of any such receipt or nonreceipt for the timeliness of the appellant's NOA in this case. The appellant need not file any pleadings with the Court until after the Secretary has filed his response to this order. The appellant is reminded that his September 15 and 28, 1995, correspondence has been filed in this case; the content of that correspondence will be considered as part of the panel's reconsideration and need not be repeated in future pleadings. It is further

ORDERED that the Secretary's response and any reply by the appellant may not exceed 15 pages in length. *See* U.S.Vet. App.R. 35(g), (f).

IVERS, Judge, dissenting:

I dissent from the issuance of this order.