Daniel C. PITTMAN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–925.

United States Court of Veterans Appeals.

April 8, 1996.

As Amended April 23, 1996.

Thomas W. Stoever, Jr., was on the pleadings, Denver, CO, for the appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Andrew J. Mullen, Special Assistant to the Assistant General Counsel, were on the pleadings, Washington, DC, for the appellee.

Before KRAMER, FARLEY, and IVERS, JJ.

FARLEY, Judge, filed the opinion of the Court. KRAMER, Judge, filed a concurring opinion.

FARLEY, Judge.

This is an appeal from a June 16, 1994, Board of Veterans' Appeals (BVA or Board) decision which denied service connection for a back disability and mouth abscesses. The appellant filed his Notice of Appeal (NOA) on October 17, 1994, 123 days after the date of his BVA decision. On February 21, 1995, in response to a January 20, 1995, Court order, the Secretary filed a motion to dismiss, arguing that the appellant had failed to submit his NOA within the 120-day period for filing an appeal from a BVA decision, as provided in 38 U.S.C. § 7266(a). On October 2, 1995, the appellant filed an opposition to the Secretary's motion to dismiss. The Court then ordered that the Secretary respond to the appellant's opposition and submit a copy of the appellant's June 1992 appointment of representative form. The Secretary filed his response on January 30, 1996, and attached a copy of the appellant's June 1992 VA Form 21–22, Appointment of Veterans Service Organization as Claimant's Representative. In view of these submissions, the issue of whether the appellant's NOA should be deemed timely is now ripe for our review.

## I.

In his opposition to the motion to dismiss, the appellant makes three arguments why his NOA should be deemed timely. First, he states that in a July 20, 1993, letter, he clearly specified the Chicago office of the American Legion as his authorized representative, so the address of that office should be recognized as the address of his representative. He continues that because VA's manner of mailing the BVA decision to the Chicago American Legion office violated a statute and Court precedents, *see infra* part I.A, the running of the 120-day period was delayed and his NOA is timely. Second, he argues that the 120-day filing period did not begin to run because VA failed to adequately explain the procedure for obtaining review of BVA decisions to him in violation of 38 U.S.C. § 5104(a). Third, the appellant maintains that the NOA-filing period should be equitably tolled in this case. These arguments will be addressed in turn.

## A.

In order to determine whether the appellant's NOA should be deemed timely filed, we must look to the controlling statute and three prior cases interpreting that statute. The determinative statute is 38 U.S.C. § 7104(e), which provides: "After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any)." In *Trammell v. Brown*, 6 Vet.App. 181, 182 (1994), the BVA notified the appellant's representative, a state veterans' service organization (VSO), of its decision by "flat mailing" a copy of the decision to the RO and then having the RO distribute the decision to the representative. The Court held that this procedure violated the plain language of 38 U.S.C. § 7104(e), since the statute requires the Board to "promptly mail" the decision to the appellant and his representative. 6 Vet.App. at 182–83. The Court also stated that "the Board's procedure of mailing the representative's copy of the BVA decision to the RO for distribution was 'clear evidence' rebutting the presumption of regularity that the Board properly mailed notice of its decision." 6 Vet.App. at 183.

In *Davis v. Brown*, 7 Vet.App. 298, 299–300 (1994), the appellant was represented by a national VSO. The BVA had "flat mailed"

a copy of its decision to the local office of the VSO in violation of *Trammell.* Nevertheless, the Secretary argued that the BVA had complied with 38 U.S.C. § 7104(e) by providing the VSO's *national* office with a copy of the BVA decision by hand delivery to that office which is located in the same building as the Board. 7 Vet.App. at 300. However, the Court again held that the Board had not complied with § 7104(e), stating that "the phrase 'the BVA shall promptly mail' in 38 U.S.C. § 7104(e) means that the BVA decision must be correctly addressed, stamped with the proper postage, and delivered directly by the BVA into the custody of the U.S. Postal Service." 7 Vet.App. at 303.

In *Leo v. Brown,* 8 Vet.App. 410 (1995), the appellant also was represented by a national VSO. There, for reasons that are immaterial to this decision, the Court held that if the national office was considered his representative, his NOA would not be timely, but if the local office was considered his representative, his NOA would be timely. On his most recent representative-appointment form, the appellant had written the address of the *local* office of the VSO. *Id.* at 411. The Court noted that § 7104(e) requires BVA decisions to be mailed to the "last known address" of the appellant and his representative, and held that the appellant's NOA was timely because he had "appointed the American Legion as his representative [on the appointment form] with the local office as the 'last known address' for purposes of mailing a copy of any BVA decisions to his representative." *Id.* at 413.

■ Here, according to a declaration by Robert L. Ashworth, the Assistant Director of the Administrative Service of the BVA, which was attached to the Secretary's motion to dismiss, "the Board mailed one 'official' copy of its June 16, 1994, decision on that date to the [American Legion]'s National Headquarters." Ashworth Declaration at 2. Mr. Ashworth also noted that a second copy of the BVA decision was forwarded on the same day "through VA's contracted internal mail processes" to the Chicago office of the American Legion. *Ibid.* Thus, the Board complied with *Davis* regarding the national office of the BVA, but as to the local office, the BVA's mailing of its decision violated *Trammell.* If that office is considered the appellant's representative, then the appellate period did not begin to run until the defective mailing was cured by actual receipt of the BVA decision by the Chicago office. *See, e.g., Davis,* 7 Vet.App. at 303. Since, as the parties agree, this is an indeterminable date, the NOA by this test would be deemed timely. Thus, following *Leo,* whether or not the NOA was timely turns on the designation of the representative by the appellant, or more particularly, the last address he provided for his representative. *See Leo,* 8 Vet.App. at 413.

Just as the Notice of Disagreement had only an administrative function before the passage of the Veterans' Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105 (1988) (*see Whitt v. Derwinski,* 1 Vet.App. 40, 47 (1990) (Farley, J., concurring in part and dissenting in part)), prior to judicial review there may not have been a need for precision in a veteran's designation of, and the Secretary's recognition of, a representative. However, with this Court's jurisdiction being determined by the date of mailing of the BVA decision to the claimant *and* the claimant's representative, a requirement of precision has been added.

On the copy of the June 1992 VA Form 21–22, where veterans are to list the name of the appointed representative, the appellant wrote "The American Legion," and under that, "(Anywhere)." Secretary's Mem., Exhibit 2. Thus, it appears that the appellant authorized the BVA to send a copy of its decision to any office of the appellant's representative, the American Legion. By mailing a copy of the BVA decision to the American Legion's national office via the U.S. Postal Service on June 16, 1994, the BVA fulfilled the requirements of 38 U.S.C. § 7104(e), and thus the appellant's NOA, which was filed 123 days thereafter, was not timely.

■ In his Opposition to the Secretary's Motion to Dismiss, the appellant argues that although he designated the American Legion generally on his representative-appointment form, in "subsequent correspondence with the Board, [he] clearly specified the Chicago office of the [American Legion] as his autho-

rized representative." Appellant's Opp'n at 4–5. He attached a copy of a July 20, 1993, letter from the appellant to the Board, which was in the appellant's claims file, where the appellant stated: "I was informed by my representative, The American Legion, Veterans Affairs and Rehabilitation, Room 485, 536 South Clark Street, Chicago, Illinois 60605 of a letter dated January 21, 1993 which stated that an informal hearing has been presented to your office for review." *Id.*, exhibit B.

This letter, however, cannot be considered as an amendment of the last known address of the appellant's representative. There is nothing in the appellant's letter which suggests that he wanted to change the "Anywhere" designation of the June 1992 VA Form 21–22, rather than identifying the specific office of the American Legion that had apprised him of the January 1993 letter regarding an informal hearing. *Cf. Thompson v. Brown*, 8 Vet.App. 169, 179 (where appellant's last known address was that provided on his VA Form 1–9, Court held that in order to change such address, he would have to "*specifically direct* [ ] *VA* to send all correspondence and notices to an address other than that provided on the 1–9 Appeal") (emphasis added), *reconsideration granted on other grounds*, 8 Vet.App. 430 (1995). It would be unreasonable to expect the BVA to interpret the appellant's letter as a desire to change the "last known address" of his representative, especially in view of the large volume of mail received by the BVA. In order for a letter from an appellant to be interpreted as a change of address, the letter must clearly express such an intention.

In so holding, we cannot help but note that it appears from filings in other cases that the national offices of some VSOs generally may not be performing functions which are traditionally associated with the role of a representative or an agent, such as notifying the client of the BVA decision, notifying their local office or the official that dealt directly with the client of the decision, or offering advice regarding further action, such as the viability of an appeal, beyond the denial by the BVA. *See, e.g., Leo*, 8 Vet.App. at 415 (referring to declaration filed by Supervisor of American Legion's Board of Veterans' Appeals Unit, who stated that VSO's national office did not send copy of BVA decision to appellant in that case and customarily did not do so, and that national office also did not send copy of decision to local office); *Davis*, 7 Vet.App. at 301 (referring to declaration filed by a Disabled American Veterans (DAV) service officer, who stated that the national office did not keep files on BVA decisions and did not initiate contact with veterans, "and that the St. Petersburg DAV office was responsible for 'communicating with the veteran regarding the significance of the BVA's decision and advising the veteran on his/her options for further appeal.' "); *cf.* ABA Model Rules of Professional Conduct Preamble ¶¶ 2–3 (1983) (generally discussing attorneys' obligations to clients). Nonetheless, since this case does not present for resolution any specific issues as to the nature of representation by national offices of VSOs, there is no action which the Court could or should take in that regard. It is hoped, however, that the VSOs and the Secretary, in the exercise of his statutory authority and responsibility pertaining to the recognition of representatives under 38 U.S.C. § 5901, will give the issue their serious consideration.

### B.

The appellant's second argument concerns 38 U.S.C. § 5104(a), which provides:

In the case of a decision by the Secretary under section 511 of this title affecting the provision of benefits to a claimant, the Secretary shall, on a timely basis, provide to the claimant (and to the claimant's representative) notice of such decision. *The notice shall include an explanation of the procedure for obtaining review of the decision.*

(Emphasis added.) Section 511(a) of title 38, U.S.Code, is a general provision which provides: "The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." (The rest of section 511 is irrelevant for purposes of this case.)

The notice of appellate rights attached to the copy of the BVA decision mailed to the appellant first noted the right to file a motion for reconsideration with the Board, then stated, in pertinent part:

You may have the right to appeal this decision to the United States Court of Veterans Appeals (the Court).... A Notice of Appeal must be filed with the Court within 120 days from the date of mailing of the notice of the BVA decision. The date of mailing is the date that appears on the face of the BVA decision. The Court's address is: The United States Court of Veterans Appeals, 625 Indiana Avenue, NW., Suite 900, Washington, DC 20004. You may obtain information about the form of the Notice of Appeal, the methods by which you may file your Notice of Appeal with the Court, the amount of any filing fee, and any other matters covered by the Court's rules directly from the Court.

Secretary's Mem., exhibit 1. Counsel for the appellant characterizes the above appellate rights notice as

remarkably terse.... The notice did not provide a phone number, did not refer Mr. Pittman to either Rule 3 or 4 of the Court's Rules of Practice, and made no mention of Mr. Pittman's right to file by facsimile. The absence of this information left Mr. Pittman at a great disadvantage.

The VA cannot claim that it fulfilled its duty pursuant to section 5104 by referring Mr. Pittman to the Court. The statute says that the VA, not some third party, must provide the information.... [W]hen Congress passed the [Veterans' Judicial Review] Act, it wanted the VA to remain accountable to the nation's veterans.

Appellant's Opp'n at 6–7.

The Secretary responds with two arguments. First, he argues that the duty imposed by section 5104(a) does not apply to the BVA because two statutes that delineate prerequisites of the Court's jurisdiction over a BVA decision, 38 U.S.C. §§ 7104(e) and 7266(a), do not refer to any duty under section 5104(a). Secretary's Mem. at 4. The Secretary also points to two prior Court opinions in which the Court discussed the duty under section 5104(a) only in the context of "VA's nonadversarial claims system" and VA's "claims adjudication process." *Id.* at 4–5; *see Thurber v. Brown,* 5 Vet.App. 119, 123 (1993); *Rosler v. Derwinski,* 1 Vet. App. 241, 249 (1991). He argues that since appeals before this Court are adversarial judicial proceedings, the notice of appellate rights prescribed in section 5104(a) does not have to accompany final BVA decisions, or at least does not have to advise claimants how to appeal to this Court. Secretary's Mem. at 4–5.

However, this matter has already been decided in another opinion of the Court. In *Thompson,* the Court construed section 5104(a) and 7104(e) together, and stated:

We conclude that section 5104(a)'s general command to provide certain types of notices is given content as to BVA decisions by section 7104(e)'s more specific command to provide copies of BVA decisions by "mail". *The types of notice required by section 5104(a) (including notice of appellate rights) must be mailed along with a copy of the BVA decision.* So read, the provisions are compatible and do not conflict.

8 Vet.App. at 177 (citation omitted) (emphasis added); *see also Smith v. Brown,* 8 Vet. App. 546, 551 (1996) (en banc) (noting that section 5104(a) applies to BVA decisions). *Thompson* does not address section 7266(a) in connection with section 5104(a), but we fail to see how that provision could be incompatible or conflict with section 5104(a). Although *Thompson* was partially vacated, 8 Vet.App. 430 (1995), that was based on other grounds and does not effect the holding quoted above.

Second, the Secretary argues that any section 5104(a) duty has been met. He states:

The notice informed Mr. Pittman that he had the right to judicial review of the BVA decision, identified this Court as the forum for appeal, provided the Court's address, and warned that an NOA must be filed within a specified period of time. Further, for purposes of obtaining information directly from the Court about the form of the NOA, the methods of filing it, the amount of any filing fee, and any other

matters covered by the Court's Rules of Practice and Procedure, the notice clearly provided the correct mailing address of the Court. Appellant was expressly informed that he could contact the Court directly for any additional information which might be needed to complete an appeal to the Court. Secretary's Mem. at 7–8. Again, the Court must look first to the language of the statute, for "if the intent of Congress is clear, that is the end of the matter." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984); *see also Brown v. Gardner*, — U.S. —, —, 115 S.Ct. 552, 556, 130 L.Ed.2d 462 (1994); *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, —, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993). Section 5104(a) requires only that the notice of appellate rights "include an explanation of the procedure for obtaining review of the decision." The Court finds that the notice of appellate rights that accompanied the copy of the BVA decision mailed to the appellant fully met the requirements of section 5104(a). The statute requires no more than a general outline of what steps must be taken in order to appeal the BVA decision to this Court, and the notice adequately fulfilled this. The appellant points to a statement by Senator Cranston in which he noted that section 5104(a) was intended to "require VA, every time it makes a decision which affects benefits, to notify the claimant of the decision and provide an explanation of how the decision may be appealed." 135 Cong. Rec. S16443–01, S16462 (statement of Sen. Cranston) (1989); *see* Appellant's Opp'n at 6. We fail to see how this statement illustrates a Congressional intent to require VA to provide more information in notices of appellate rights accompanying BVA decisions than that provided in the notice received by the appellant. As to the appellant's statement that VA could not meet its section 5104(a) duty by referring him to the Court, that argument also fails because the information provided by VA itself was enough to meet the duty under the statute.

### C.

Last, the appellant argues that the Court should equitably toll the 120–day NOA filing period because (1) the notice attached to the copy of the BVA decision sent to him did not adequately explain how to file an appeal, and (2) during the relevant time period, he was suffering from a "disabling bout of alcoholism and drug addiction, together with the enforced sequestration that was part of his treatment." Appellant's Opp'n at 15–16. However, in *Butler v. Derwinski*, 960 F.2d 139 (Fed.Cir.1992), the Court of Appeals for the Federal Circuit held:

Courts created by statute have only that jurisdiction conferred upon them by statute. The 120–day time limitation imposed by Congress limits the jurisdiction of the Court of Veterans Appeals to hear appeals from the Board of Veterans' Appeals. Section 7266 makes compliance with the 120–day limit a prerequisite to Court of Veterans Appeals review and "does not authorize the court to extend that time." ... [T]he Court of Veterans Appeals simply cannot evade Congress's limitation upon its jurisdiction by furnishing an extension which Congress has not empowered it to provide.

*Id.* at 140–41 (citations omitted) (quoting *Machado v. Derwinski*, 928 F.2d 389, 391 (Fed. Cir.1991)); *see also Thompson*, 8 Vet.App. at 176–77; *Dudley v. Derwinski*, 2 Vet.App. 602, 603 (1992) (en banc order); *Jones v. Derwinski*, 2 Vet.App. 362, 363 (1992).

The appellant asserts that our holding that the NOA-filing period cannot be equitably tolled, *see Jones*, *Dudley*, and *Thompson*, all *supra*, should be reversed. He notes that the *Butler* Court held that the period of appeal could not be extended "for good cause shown," and argues that "'[g]ood cause shown' does not necessarily rise to the level of equitable tolling or estoppel, for equitable tolling requires something more than 'a garden-variety claim of excusable neglect,' [*Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), *rehearing denied sub nom. Irwin v. Dept. of Veterans Affairs*, 498 U.S. 1075, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991)], whereas 'good cause shown' does not." Appellant's Opp'n at 10–11.

The appellant is attempting to carve out a distinction between tolling "for good cause

shown," as the issue was characterized in *Butler*, and the doctrine of equitable tolling. Even if the two concepts are distinguishable, however, the Court of Appeals' decision in *Butler* makes clear that the 120–day period is not subject to tolling under any circumstances, whether they be characterized as constituting good cause or as grounds for equitable tolling. *See Butler*, 960 F.2d at 140–41. Therefore, even if we were to accept the distinction urged by the appellant, it would not compel the result he seeks.

The appellant next argues that the statute which the Supreme Court held was subject to equitable tolling in *Irwin* was, like section 7266(a), a jurisdictional statute, and that since equitable tolling applied there it should apply here as well. Appellant's Opp'n at 11; *see Thompson*, 8 Vet.App. at 176 (characterizing "the 120–day statutory judicial-appeal period ... [as] mandatory and jurisdictional"). The Secretary counters by attempting to distinguish "statutory time limits for filing suits against the Government," which were at issue in *Irwin*, from "statutory deadlines governing the time for taking an appeal," which are at issue here, arguing that "it is well established that [the latter deadlines] are jurisdictional requirements and are not subject to equitable tolling." Secretary's Mem. at 17–19 (citing *Stone v. Immigration and Naturalization Svc.*, —— U.S. ——, ——, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465, 481 (1995); *Missouri v. Jenkins*, 495 U.S. 33, 45, 110 S.Ct. 1651, 1660, 109 L.Ed.2d 31 (1990); *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)). From this, the Secretary argues that the holding in *Irwin* does not apply to section 7266(a).

How broadly the Supreme Court intended *Irwin* to apply, i.e., what types of statutory filing deadlines are affected by that case, is an open question. For instance, in *Webb v. United States*, 66 F.3d 691 (4th Cir.1995), the Court of Appeals for the Fourth Circuit held that 26 U.S.C. § 6511(a), which provides that a claim for a tax refund from the Internal Revenue Service must be filed within a prescribed period, was not subject to equitable

tolling. The Court noted that *Irwin* made equitable tolling applicable to suits against the Government in the same way that it is applicable to private suits. *Id.* at 697. Based on this, the Court of Appeals stated:

> [T]ax refund cases cannot be brought against private litigants, nor are they even comparable to suits that can be brought against private litigants....
>
> ....
>
> ... Because tax refund suits are always brought against the government, never against private parties, the presumption [of equitable tolling] announced in *Irwin* does not apply to them.

*Id.* at 697–98. Arguably, this rationale could apply to veterans' benefits since actions for them also are never brought against private parties. *But see id.* at 702–05 (Russell, J., dissenting); *Brockamp v. United States*, 67 F.3d 260, 262 (9th Cir.1995) (holding that "the statute of limitations provided in § 6511 may be equitably tolled").

To be sure, there are many interesting questions regarding what meaningful distinctions can be drawn from the holding in *Irwin* as applied to particular statutory filing deadlines. However, for this Court, the question is answered simply and indisputably: we are bound by the decisions of the Court of Appeals for the Federal Circuit, and as noted above, that Court has held that the 120–day NOA filing period simply cannot be extended under any circumstances. *Butler, supra.* Accordingly, this appeal must be dismissed for lack of jurisdiction.

## II.

Based on the foregoing reasons, this appeal is DISMISSED for lack of jurisdiction.

KRAMER, Judge, concurring:

I concur in part I.A. and B. and the result in part I.C. I disagree, however, with the majority's analysis as to the latter which is predicated on the hypothesis that *Butler v. Derwinski*, 960 F.2d 139 (Fed.Cir.1992) which determined that this Court cannot extend the 120–day limit set forth in 38 U.S.C. § 7266(a) upon a showing of good cause, mandated the Court's decision in *Jones v.*

*Derwinski,* 2 Vet.App. 362 (1992). In *Jones,* the Court determined that the *Butler* decision overruled that part of the Court's decision in *Elsevier v. Derwinski,* 1 Vet.App. 150, 154 (1991), which suggested that the doctrine of equitable tolling was "potentially applicable" to the 120–day statutory period for filing an appeal to this Court. *Jones,* 2 Vet.App. at 363. However, the *Butler* opinion did not address *Elsevier,* equitable tolling, or equitable estoppel and, most significantly, did not address *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) which made principles of equitable tolling applicable to suits against the government which involve time requirements. *See Butler, supra; see also Dudley v. Derwinski,* 2 Vet.App. 602, 605 (1992)(en banc) (Kramer, J. and Steinberg, J., dissenting). Nevertheless, *Dudley* and *Jones* are the law and therefore under the doctrine set forth in *Bethea v. Derwinski,* 2 Vet.App. 252, 254 (1992), control the result to be reached by the three-judge panel in this case. Only the en banc Court can reverse the rule set forth in *Dudley* and *Jones.*