Frederick J. RICHARDSON, Appellant,

and

Reginald D. Raines, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

Nos. 97–1270, 97–1304.

United States Court of Veterans Appeals.

Dec. 3, 1997.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

## ORDER

PER CURIAM.

In each of these consolidated cases, the Secretary has filed a motion to dismiss for lack of jurisdiction. Neither appellant disputes that his Notice of Appeal was filed more than 120 days after the mailing date of the Board of Veterans' Appeals (BVA or Board) decision that he seeks to appeal. Both appellant Richardson and appellant Raines, who are represented by the same attorney, have moved for a stay of proceedings pending a decision by the United States Court of Appeals for the Federal Circuit in *Cummings v. Brown,* U.S. Vet.App. No. 95–1058 (dismissed June 26, 1996), *appeal docketed,* No. 97–7004 (Fed.Cir. Oct. 7, 1996), challenging the adequacy of the written notice of appellate rights following an adverse BVA decision. In each case, the appellant has argued that "[i]f the *Cummings* court rules in favor of the veteran in a published opinion, this holding will have a binding effect on all cases pending before COVA, including the present one."

These motions to stay have been consolidated because they raise, in common, the issue of the application of precedent and reveal the assumption on the part of the appellants that if, upon review, *Cummings* is overturned, they will prevail on the jurisdictional issue as a matter of course. This Court's order in *Cummings* is a single-judge action; however, that action is itself backed by binding precedent, which panels of the Court must follow.

As this Court noted in *Tobler v. Derwinski,* 2 Vet.App. 8, 11 (1991), any legal interpretations, conclusions, or rulings contained in a precedential decision are the law of the jurisdiction from the date of the decision unless or until overturned by a court of competent jurisdiction. In *Pittman v. Brown,* 9 Vet.App. 60 (1996), *rev'd on other grounds,* No. 96–7046, 1997 WL 488746 (Fed. Cir. Aug. 25, 1997) (non-precedential action), the Court found the notice of appellate rights to be adequate. Here, the same notice of appellate rights was given to the appellant. *See Cornett v. Brown,* 9 Vet.App. 260 (1996)

(per curiam order). Upon consideration of the foregoing, it is

ORDERED that these appellants' motions for a stay of the proceedings pending a decision by the Federal Circuit in *Cummings v. Brown, supra*, are denied. It is further

ORDERED that the Secretary's motion is granted, and the appeals are DISMISSED.