Dulseena J. LEONARD, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary
of Veterans Affairs, Appellee.

No. 97–1332.

United States Court of Veterans Appeals.

Feb. 13, 1998.

Before NEBEKER, Chief Judge, and
KRAMER, FARLEY, HOLDAWAY,
IVERS, STEINBERG, and GREENE,
Judges.

## ORDER

PER CURIAM:

On December 9, 1997, counsel for the appellant filed a motion for panel review. On January 8, 1998, a panel of the Court denied the appellant's motion. On January 22, 1998, counsel for the appellant filed a motion for en banc review. Further, the appellant moved for a stay pending a decision by the Federal Circuit in *Cummings v. Brown,* U.S. Vet. App. No. 95–1058, 1996 WL 366406 (dismissed June 26, 1996), *appeal docketed,* No. 97–7004 (Fed.Cir. Oct. 7, 1996).

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion to stay pending *Cummings* is denied. It is further

ORDERED that the appellant's motion for review by the Court en banc is denied.

STEINBERG, Judge, dissenting:

I voted for en banc review in this case because I believe that a matter of exceptional importance is involved. *See* U.S. VET.APP. R. 35(c). That matter is that when counsel for the appellant (here counsel is appearing pro bono) presents a detailed, well-documented, and colorable argument as to why an appeal should not be dismissed for want of jurisdiction, the Court should require the Secretary to respond to it and thereafter should rule on the arguments presented by the appellant.

Here, the majority has ignored those arguments.

In the instant matter, the appellant has presented two arguments worthy of the Court's attention. Section 5104(a) of title 38, U.S. Code, requires that notice of appellate rights must accompany the mailing of the notice of a Board of Veterans' Appeals (BVA) decision. *See Thompson (Charles) v. Brown,* 8 Vet.App. 169, 175–76, *recons'd on other grounds,* 8 Vet.App. 430 (1995), *reaff'd,* 9 Vet.App. 173 (1996). In *Pittman v. Brown,* 9 Vet.App. 60, 63–64 (1996), this Court left open the question of whether the failure of the Board to include, with its mailing of notice of the BVA decision, adequate notice of appellate rights would prevent the Court's Notice of Appeal (NOA) period from beginning to run. Here, the appellant contends that the notice of appellate rights sent was constitutionally defective, because it is, he contends, insufficiently clear as to the penalty for late filing, and that the NOA period thus should not have begun to run. Although the Court held in *Pittman* that the notice provided by the BVA satisfied the statutory requirement for specificity, *see Pittman,* 9 Vet.App. at 63; *see also Cornett v. Brown,* 9 Vet.App. 260 (1996) (per curiam order), a constitutional challenge was not raised in that case. Moreover, challenges to the sufficiency of the notice are now on appeal to the Federal Circuit in *Cummings v. Brown,* U.S. Vet.App. No. 95–1058, 1996 WL 366406 (dismissed June 26, 1996), *appeal docketed,* No. 97–7004 (Fed.Cir. Oct. 7, 1996)

Second, the appellant seems to contend that the early closing by the U.S. Post Office prevented the appellant's timely mailing of the NOA and that that fact situation should invoke a form of equitable estoppel against the Department of Veterans Affairs as part of the U.S. government. Although the Court's holding in *Dudley v. Derwinski,* 2 Vet.App. 602 (1992) (en banc order), would preclude such an argument from being entertained except by the full Court, the recent dissents in *Bailey v. Gober* reveal that there are several Federal Circuit opinions since the case relied on in *Dudley—Butler v. Derwinski,* 960 F.2d 139 (Fed.Cir.1992)—was decided by the U.S. Court of Appeals for the Federal Circuit that suggest that equitable doctrines may be available to toll the Court's 38 U.S.C. § 7266(a) 120–day NOA period. *See Bailey v. Gober,* 10 Vet.App. 454, 455–57 (1997) (dissenting statements of Kramer and Steinberg, JJ.); *see also Dudley,* 2 Vet.App. at 603–06 (Steinberg and Kramer, JJ., dissenting).

Without regard to whether these arguments should ultimately prevail, they raise significant legal issues that if decided in the appellant's favor would represent major changes in our caselaw. The contentions raised by counsel for the appellant deserve the Court's consideration—at the single-judge or panel level initially—rather than its benign neglect. I am puzzled as to how this Court can, on the one hand, continually decry the lack of represented appellants and at the same time refuse to address the arguments of pro bono counsel in this case.