LOURIE, Circuit Judge.
 

 Helen Cummings appeals from the decision of the United States Court of Veterans Appeals dismissing her appeal for lack of jurisdiction.
 
 See Cummings v. Brown,
 
 No. 95-1058, 1996 WL 366406 (Vet.App. June 26, 1996). Because Cummings did not timely appeal to the Court of Veterans Appeals, we affirm.
 

 BACKGROUND
 

 In 1992, Cummings, the surviving spouse of a deceased veteran, applied to the Department of Veterans Affairs (VA) seeking dependency and indemnity compensation. The VA’s Montgomery, Alabama Regional Office denied her claim, finding no service connection between her husband’s death and his military service. Cummings contested that decision by filing a Notice of Disagreement to the Board of Veterans’ Appeals.
 
 See
 
 38 U.S.C. § 7105(a) (1994). On February 28, 1995, after the Board dismissed Cummings’ claim, the VA mailed copies of the Board’s decision to Cummings and to her designated legal representative, the National Appeals Office of the Disabled American Veterans.
 
 See
 
 38 U.S.C. §§ 5104, 7104(e) (1994). Along with each copy of the decision, the VA sent a form entitled “Board of Veterans’ Appeals Notice” (“Appeals Notice”),
 
 see
 
 38 U.S.C. § 5104(a) (“The notice shall include an explanation of the procedure for obtaining review of the [Board’s] decision.”), which stated in relevant part:
 

 If the decision is not favorable to you:
 

 (1) You may file a motion for reconsideration of this BVA decision at the following address: ... Your motion may be in the form of a letter. It should state clearly and specifically which issue or issues you want the BVA to reconsider and the specific reasons why the BVA should reconsider the issue or issues.
 

 (2) You may have the right to appeal this decision to the United States Court of Veterans Appeals (the Court). You may appeal to the Court a final decision of the BVA that follows a notice of disagreement filed on or after November 18, 1988. A Notice of Appeal must be filed with the Court within 120 days from the date of mailing of the notice of the BVA decision. The date of mailing is the date that appears on the face of the BVA decision. The Court’s address is:.... You may obtain information about the form of the Notice of Appeal, the methods by which you may file your Notice of Appeal with the Court, the amount of any filing fee, and other matters covered by the Court’s rules directly from the Court....
 

 In addition to these rights, you may also reopen your claim by submitting new and material evidence to the Department of Veterans Affairs (VA) office where your claim originated. VA may not consider another claim on the same factual basis. Reopening your claim will not affect this BVA decision, but your reopened claim may be granted on the basis of new and material evidence which supports your claim.
 

 An accredited representative of a recognized service organization, or an individual whom you choose to represent you in your claim before VA and on appeal to the BVA, may represent you without charge. An attorney-at-law or an accredited agent may also represent you. An attorney or accredited agent may charge you a fee to represent you before VA, including the BVA, with respect to a claim under the following circumstances:.... You may ask the Court to give you information on representation before the Court.
 

 
 *1471
 
 On July 5, one hundred and twenty-seven days after the Board’s decision and the Appeals Notice were mailed, Cummings filed a motion for reconsideration by the Board.
 
 See
 
 38 C.F.R. § 20.1000 (1996) (“Reconsideration of an appellate decision may be accorded at any time by the Board ... (a) Upon allegation of obvious error of fact or law; (b) Upon discovery of new and material evidence ...; or (c) Upon allegation that an allowance of benefits by the Board has been materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant.”). On August 2, the Board denied Cummings’ motion on its merits. Then, on October 24, eighty-four days after her reconsideration motion was denied, Cummings filed a notice of appeal to the Court of Veterans Appeals seeking review of the Board’s decision denying her claim.
 

 The court dismissed Cummings’ appeal for lack of jurisdiction because neither her motion for reconsideration nor her notice of appeal were filed within 120 days of the Board’s decision. In response to Cummings’ arguments contesting the adequacy of the Appeals Notice, the court concluded that the VA had satisfied section 5104(a) by mailing an Appeals Notice which provided “a general outline of what steps must be taken in order to appeal the BVA decision to this Court.” Cummings appeals to this court, again arguing that the Appeals Notice did not meet the requirements of section 5104(a). She reasons that because the Secretary provided her with an inadequate notice of her appeal rights, the 120-day appeal period was tolled,
 
 ie.,
 
 suspended. She therefore asserts that her appeal was not untimely.
 

 DISCUSSION
 

 Our jurisdiction to review a decision of the Court of Veterans Appeals is limited by statute; it does not extend to challenges either to factual determinations or to the application of the law to the facts of a particular ease.
 
 See
 
 38 U.S.C. § 7292(d)(2) (1994). However, it does extend to decisions regarding “the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision.”
 
 Id.
 
 § 7292(a);
 
 see also id.
 
 § 7292(c), (d) (vesting jurisdiction over review of Court of Veterans Appeals decisions in this court and setting certain standards for review);
 
 Fugere v. Derwinski,
 
 972 F.2d 331, 334 (Fed.Cir.1992). Since this appeal presents a question of statutory interpretation,
 
 viz.,
 
 the requirements of a notice imposed by section 5104(a), it is clear that we have jurisdiction to decide this issue.
 
 See Collette v. Brown,
 
 82 F.3d 389, 392 (Fed.Cir. 1996). We review the legal question of statutory interpretation
 
 de novo. See Jones v. Brown,
 
 41 F.3d 634, 637 (Fed.Cir.1994).
 

 Cummings asserts that the court erred in determining that the Appeals Notice met the requirements of section 5104(a). Relying on this premise, she contends that the court should have considered the 120-day appeal period to have been tolled. She first argues that the notice was inadequate because it did not explain the Court of Veterans Appeals’ holding in
 
 Rosler v. Derwinski,
 
 1 Vet.App. 241 (1991). Specifically, relying on the legislative history of the Veterans’ Benefits Amendments of 1989, Pub.L. No. 101-237, 103 Stat. 2062 and the Veterans’ Judicial Review Act of 1988, Pub.L. No. 100-687, 102 Stat. 4105, she argues that section 5104(a) requires the Secretary to provide “detailed notice” of the court’s holding in
 
 Rosier.
 
 She also notes that the Secretary did provide such detailed notice of the court’s holding in
 
 Rosier,
 
 but only after her motion for reconsideration had been denied.
 

 In
 
 Rosier,
 
 the Court of Veterans Appeals correctly held that its jurisdiction extends only to appeals filed within 120 days of a final Board decision.
 
 See Rosler,
 
 1 Vet.App. at 242;
 
 see also
 
 38 U.S.C. § 7266(a)(1) (1994 & Supp. II 1996) (“In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans’ Appeals, a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed pursuant to [38 U.S.C. § ] 7104(e).”). The court then observed that the finality of a Board decision may be abated by reconsideration, and that there is no deadline for filing a request for reconsideration.
 
 See
 
 
 *1472
 

 Rosler,
 
 1 Vet.App. at 244-45 (citing
 
 ICC v. Brotherhood of Locomotive Engineers,
 
 482 U.S. 270, 284, 107 S.Ct. 2360, 2868-69, 96 L.Ed.2d 222 (1987));
 
 see also
 
 38 U.S.C. § 7103(a) (1994 & Supp. II 1996) (“The decision of the section [of the Board] is final unless the Chairman orders reconsideration of the case.”); 37 C.F.R. § 20.1000(b) (1997) (“Reconsideration ... may be accorded at any time....”). Accordingly, the court concluded that it had jurisdiction over an appeal in which a claimant filed a motion for reconsideration by the BVA during the 120-day appeal period, if she also filed a notice of appeal to the court within 120 days of the denial of the motion for reconsideration or, if the motion for reconsideration was granted, within 120 days of the reconsidered BVA decision.
 
 See Rosier,
 
 1 Vet.App. at 249.
 
 [1]
 
 Thus, stated succinctly, Cummings’ first argument is that the Appeals Notice was inadequate because it failed to explain that she could have temporarily preserved the jurisdiction of the Court of Veterans Appeals by filing her motion for reconsideration within the 120-day appeal period.
 

 Cummings also argues, again relying on legislative history, that section 5104(a) requires the Secretary to notify a claimant that she may be represented by an attorney before the Court of Veterans Appeals and that, if the conditions specified in the Equal Access to Justice Act, 28 U.S.C. § 2412 (1994 & Supp. Ill 1997), are met, she may be entitled to have the VA pay her attorney fees.
 
 [2]
 

 In response, the Secretary of Veterans Affairs argues that the Appeals Notice satisfied section 5104(a) by indicating to Cummings the steps necessary to initiate review, informing her of the sole relevant time limit, and instructing her to contact the court if she had further questions regarding its procedures. The Secretary further contends that neither section 5104(a) nor the relevant legislative history requires him to notify claimants of further details concerning legal representation before the court. We agree with the Secretary that section 5104(a) requires nothing more than the Appeals Notice provides,
 
 viz.,
 
 a general outline of the available procedures for obtaining review of a final Board decision. Accordingly, the 120-day appeal period was not tolled and the Court of Veterans Appeals correctly determined that it lacked jurisdiction to hear Cummings’ appeal.
 

 Interpretation of a statute requires a court to give effect to the intent of Congress as manifested in the express statutory language and structure.
 
 See Ingersoll-Rand Co. v. McClendon,
 
 498 U.S. 133, 138, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990) (“To discern Congress’ intent we examine the explicit statutory language and the structure and purpose of the statute.”). Thus, our duty is “to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested.”
 
 NLRB v. Lion Oil Co.,
 
 352 U.S. 282, 297, 77 S.Ct. 330, 338, 1 L.Ed.2d 331 (1957). In discharging that duty, “we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy.”
 
 Crandon v. United States,
 
 494 U.S. 152, 158, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990).
 

 Section 5104(a) provides that “the Secretary shall, on a timely basis, provide to the claimant (and to the claimant’s representative) notice of [the Board’s] decision. The notice shall include an explanation of the procedure for obtaining review of the decision.” A claimant may seek “review”
 
 [3]
 
 of the
 
 *1473
 
 Board’s decision by means of either a motion for reconsideration by the Board,
 
 see
 
 38 U.S.C. § 7103(a) (1994); 38 C.F.R. § 20.1000(a) (1997) (“Reconsideration of an appellate decision may be accorded at any time ... [u]pon allegation of obvious error of fact or law.”), or a notice of appeal to the court,
 
 see
 
 38 U.S.C. § 7252 (1994) (“The Court of Veterans Appeals shall have exclusive jurisdiction to review decisions of the Board of Veterans’ Appeals.”). Section 5104 requires the Secretary to explain the procedures for instituting each of these types of review. Contrary to Cummings’ argument, the statute does not also require that the Secretary explain how the pursuit of one procedure may or may not affect recourse to the other, nor does it require the Secretary to explain every tactic by which a claimant may preserve recourse to each procedure. Books are written on appellate procedure, and the statute does not require that the notice be a legal treatise. The statute requires only that the Secretary explain how and when to pursue reconsideration by the Board and appeal to the court. The Appeals Notice explains these procedures and clearly identifies the sole relevant filing deadline, the 120-day period for filing an appeal to the court.
 

 Cummings’ reliance on legislative history to supplement this statutory mandate is misplaced. While it is true that a proposed Senate bill would have required that the Secretary provide “detailed information” to claimants at each stage of claim adjudication including “a detailed description of the subsequent procedural alternatives through which the claim might be pursued,” that bill was never enacted into law.
 
 See
 
 S.Rep. No. 101-126 at 269, 294, 296-97 (1989),
 
 reprinted in
 
 1989 U.S.C.C.A.N. 1469, 1700, 1702-03. The provision before us does not require such detail. Rather, the enacted requirements described above are far less demanding of the Secretary than the proposed Senate bill. Because the language of the statute is unambiguous and the legislative history does not clearly express a contrary legislative intent, Cummings’ argument must fail.
 
 See Burlington Northern R. Co. v. Oklahoma Tax Com’n,
 
 481 U.S. 454, 461, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987) (“Legislative history can be a legitimate guide to a statutory purpose obscured by ambiguity, but ‘[i]n the absence of a clearly expressed legislative intention to the contrary, the language of the statute itself must ordinarily be regarded as conclusive.’ ” (quoting
 
 United States v. James,
 
 478 U.S. 597, 606, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986))).
 

 We also reject Cummings’ argument that section 5104(a) requires the Board to explicitly inform each claimant that she may seek legal representation before the Court of Veterans Appeals or that attorney fees for an appeal may be paid by the VA if the government’s position was not “substantially justified.”
 
 See
 
 28 U.S.C. § 2412(d)(1)(A) (1994 & Supp. Ill 1997). As the Secretary points out, this argument is largely grounded on the same inapt legislative history cited by Cummings in support of her first argument. Even if we were to consider the cited legislative history to be relevant, it nowhere requires the Secretary to notify a claimant of her right to be represented by counsel before the court. The final paragraph of the Appeals Notice indicates that “[a]n attorney-at-law or an accredited agent may also represent” the claimant
 
 before the VA or Board,
 
 and specifically notifies the claimant where she may inquire regarding similar legal representation
 
 before the court.
 
 Thus, the Appeals Notice does refer to the issue of representation before the court, even though it is not required by statute. Additionally, the notice sought by Cummings regarding the EAJA’s attorney fees provision might be misleading. Because the government’s position has been found to have been “substantially justified” under the EAJA even when the government has lost on appeal, such a notice might give a claimant false hope that
 
 *1474
 
 her attorney fees would be paid by the VA.
 
 See, e.g., Felton v. Brown,
 
 7 Vet.App. 276 (1994) (holding that the YA’s position was substantially justified even though the regulation on which it relied was invalidated as exceeding its statutory authority);
 
 see also Pierce v. Underwood,
 
 487 U.S. 652, 569, 108 S.Ct. 2541, 2552, 101 L.Ed.2d 490 (1988) (“Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose.”).
 

 Finally, although we conclude that the Secretary’s Appeals Notice satisfies the requirements of section 5104(a), we do recognize that the failure to explain the so-called “tolling principle of
 
 Rosier”
 
 may unnecessarily confuse a claimant who wishes to appeal to the Court of Veterans Appeals, but only after first pursuing reconsideration by the Board. The fact that there is no prescribed time limit for seeking reconsideration might cause a claimant to lose sight of the fact that, under
 
 Rosier,
 
 there is a 120-day period for moving for reconsideration if the claimant wishes to appeal to the court after the Board disposes of the motion for reconsideration. To allay such confusion, the Secretary may wish to cite the
 
 Rosier
 
 case in the Appeals Notice and inform claimants that they must either appeal during the 120-day appeal period or seek reconsideration during that time period and then timely appeal to the court following any reconsideration decision, if they wish to preserve their right to appeal.
 

 CONCLUSION
 

 Because the Secretary’s Appeals Notice provided Cummings with an adequate “explanation of the procedure for obtaining review of the [Board’s] decision,” 38 U.S.C. § 5104(a), the time period for filing an appeal was not tolled by virtue of an insufficient notice of appeal rights. As Cummings did not file either a notice of appeal to the court or a motion for reconsideration by the Board within 120 days of the mailing of the Board’s decision, the Court of Veterans Appeals lacked jurisdiction to consider her appeal. Accordingly, the decision dismissing Cummings’ appeal is
 

 AFFIRMED.
 

 [1]
 

 . Because neither party challenges the Court of Veterans Appeals’ holding in
 
 Rosier,
 
 we accept, without deciding, that the court had jurisdiction in that case.
 

 [2]
 

 . As amicus curiae, the National Organization of Veterans Advocates makes the same arguments, but also appears to argue that we should extend the filing period in this case under the doctrine of equitable tolling. We reject this argument. Neither this court nor the Court of Veterans Appeals has the authority to extend the section 7266(a) appeal period.
 
 See Butler v. Derwinski,
 
 960 F.2d 139, 140-41 (Fed.Cir.1992).
 

 [3]
 

 .We contrast “review” of the Board's decision with "reevaluation” of the claim in light of new and material evidence. Reevaluation may be obtained by seeking reconsideration by the Board,
 
 see
 
 38 C.F.R. § 20.1000(b) ("Reconsider
 
 *1473
 
 ation of an appellate decision may be accorded at any time ... [u]pon discovery of new and material evidence in the form of relevant records of the service department concerned.”), or by submission of the new and material evidence directly to the VA office in which the claim was originally filed,
 
 see
 
 38 U.S.C. § 5108 (1994) ("If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall open the claim and review the former disposition of the claim.”).