**Dulseena J. LEONARD, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–1332.

United States Court of Appeals for Veterans Claims.

Sept. 10, 1999.

Before FARLEY, IVERS, and STEINBERG, Judges.

**ORDER**

PER CURIAM:

Pursuant to Court order, the parties have filed additional pleadings relating to the exercise of this Court's jurisdiction in this case. It is undisputed that the appellant's Notice of Appeal (NOA) was received by the Court 121 days after the Board of Veterans' Appeals (Board) decision on appeal. The sole issue is

whether the appellant is entitled to equitable tolling.

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252 (1992). To be timely under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after the BVA decision is mailed to an appellant. Pub.L. No. 103–446, § 511 (1994). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The appellant was fully advised of her appellate rights in accordance with 38 U.S.C. § 5104. *See Cummings v. West*, 136 F.3d 1468, 1470 (Fed.Cir.1998), *cert. denied*, —— U.S. ——, 118 S.Ct. 2373, 141 L.Ed.2d 740 (1998). There is otherwise nothing in this appeal to suggest that tolling of the 120–day appeal period would be appropriate. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *see Bailey v. West*, 160 F.3d 1360 (Fed.Cir.1998).

The appellant essentially argues two grounds for equitable tolling here. First, circumstances beyond her control prevented her from filing a timely NOA, to wit: there was more than a three-month delay by a service-organization representative in responding to her request for assistance, and when he did so, there were only 12 days remaining to file an appeal. Although the appellant tried to mail an informal NOA on the 120th day, she could not do so because she found that the nearest post office had closed at least 5 minutes early. Thus, she had to wait until the next day to mail her NOA. Second, she has limited education and experience, and thus did not understand, from the instructions provided by the Board, how to count the 120–day period for filing a NOA.

This case amounts to "at best a garden variety claim of excusable neglect" to which the principles of equitable tolling do not extend. *Bailey*, at 1365; *see also Irwin, supra* (equitable relief is extended sparingly, where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where he has been induced or tricked by his adversary's misconduct, but not generally where the claimant has failed to exercise due diligence in preserving his legal rights).

On consideration of the foregoing, it is

ORDERED that this appeal is DISMISSED for lack of jurisdiction.

STEINBERG, Judge, concurring:

I concur, although reluctantly, with the dismissal of the appeal in this case because the circumstances here do not support application of equitable tolling, within the meaning of *Bailey v. West*, 160 F.3d 1360 (Fed. Cir.1998) (en banc), of the 38 U.S.C. § 7266(a) 120–day deadline. Hence, the Court is without jurisdiction in this matter. However, I believe that the appellant's extensive pleadings (prepared by pro bono counsel) deserve to be addressed by the Court in considerable detail,[1] especially because equitable-tolling determinations are so fact specific.

The appellant's Notice of Appeal (NOA) was deemed received by the Court (by virtue of its postmark) 121 days after notice of the April 2, 1997, Board of Veterans' Appeals (BVA) decision on appeal was mailed. *See* 38 U.S.C. § 7266(a). The issue before us is

---

1. *See also Leonard v. West*, 11 Vet.App. 139, 139–140 (1998) (per curiam order) (Steinberg, J., dissenting to the Court's January 9, 1998, denial of the appellant's motion for a panel decision); *Leonard v. West*, No. 97–1332, 1998 WL 12318, at *1 (Vet.App. Jan. 9, 1998) (per curiam order) (Steinberg, J., dissenting to the Court's February 13, 1998, denial of the appellant's motion for en banc review).

whether equitable tolling of the time for filing that NOA is warranted by the circumstances surrounding the appellant's late filing.

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by that decision must file a timely NOA with the Court. *See Butler v. Derwinski*, 960 F.2d 139, 140–41 (Fed.Cir.1992), *overruled in part by Bailey*, 160 F.3d at 1368. To have been timely under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA generally must have been received (or, in certain circumstances, be deemed so received) by the Court within 120 days after notice of the underlying final BVA decision was mailed to an appellant. *See Butler, supra. But see Bailey*, 160 F.3d at 1365 (holding that "equitable tolling" under *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), could be applied to 38 U.S.C. § 7266(a) judicial-review filing period when Department of Veterans Affairs (VA) conduct misled a claimant "into allowing the filing deadline to pass"); *Evans v. West*, 12 Vet.App. 396, 399 (1999) (citing cases regarding equitable tolling of NOA-filing period under certain circumstances).

In essence, the appellant presents two grounds for the application of equitable tolling here. First, she asserts that circumstances beyond her control prevented her from filing a timely NOA because a service-organization representative had delayed for more than three months before responding to her request for assistance, and, when he did so, there were only 12 days remaining for her to file an appeal. She asserts that although she tried to mail an informal NOA on the 120th day, she could not do so because when she arrived at the nearest U.S. Post Office to mail her NOA she found that it had closed at least 5 minutes early. Oct. 30,

1997, Response at 3, Exhibit A, Appellant's Affidavit (App.Aff.) at 2. Thus, she could not mail her NOA until the next day. Second, she thought that her mailing on that day would be in compliance because she believed "120 days" in the BVA Notice of Appellate Rights (Notice), which had been included with her copy of the BVA decision, meant four months and thus she was misled, given her limited education and experience, by that Notice.

### A. Applicable Law

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) stated in *Bailey:*

> [The] *Irwin* [case] and other cases explain that equitable tolling is available in suits between private litigants where, "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*[, 498 U.S.] at 96[, 111 S.Ct. 453] ... (footnotes omitted); *see also Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed.Cir. 1995) ("*Irwin* would allow equitable tolling only if the Government tricked Juice Farms into missing the deadline. *Irwin* also weighs Juice Farms' diligence in determining whether to toll a limitations period.") (internal citations to *Irwin* omitted). However, courts are less likely to toll the limitations period when the filing is late and [a] "claimant failed to exercise due diligence in preserving his legal rights." *Irwin, supra.*

*Bailey*, 160 F.3d at 1364. Accordingly, *Irwin* provides two alternative bases for equitable tolling: (1) Active pursuit of judicial remedy or due diligence and (2) an adversary's conduct that induces or tricks another party into missing the deadline. The first alternative applies where the pleading is defective even though filed within the statutory period. The second alternative applies where a filing is submitted late as a result of the claimant's being induced or tricked by VA into the late filing. In this case, it is clear that only the

second option might be applicable. In *Irwin,* the Supreme Court, noting that "courts have typically extended equitable relief only sparingly", did not apply the equitable tolling doctrine in the late-filing context in a situation where the appellant's attorney was absent from his office at the time that notice of the adverse decision was received. Instead, the Supreme Court held that "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin, supra.* In the veterans' benefits context, *Bailey* held:

> According to allegations in the papers before us, Bailey learned before the time had run that he could file a claim with the aid of a Veterans Benefits Counselor, rather than an attorney. His reliance on, and faith in what Congress clearly intended to be a paternalistic means for addressing veterans' claims, *see, e.g.*[,] *Walters v. National Ass'n of Radiation Survivors,* 473 U.S. 305, 323–24, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985) (superseded by Veterans['] Judicial Review Act), presumably lulled him into accepting and relying upon the advice and aid of the government. Given the particular relationship between veterans and the government, Bailey was misled by the conduct of his adversary into allowing the filing deadline to pass. Although there is no suggestion of misconduct, such as tricking Bailey into missing the 120[-]day filing deadline, we nevertheless conclude that a veteran's inducement by an adversary's conduct is akin to grounds sufficient to toll a limitations period in a private suit.

*Bailey,* 160 F.3d at 1365. The Secretary concedes that *Bailey* held that equitable tolling in the paternalistic veterans' benefits context does not require *mis*conduct (such as trickery). *See* Reply at 3; *Bailey, supra.* However, *Bailey* does require the appellant to have been misled or induced by VA conduct to allow the filing deadline to pass. There must be cause and effect, *see Bailey,* 160 F.3d at 1364 ("induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" (quoting *Irwin, su-*

*pra* )); that is, the appellant must have relied to her detriment on something that VA did (or should have but did not do). *See Bailey, supra* (noting that veteran had accepted and relied on VA advice and was misled by that advice into allowing filing deadline to pass). Therefore, "excusable neglect" in the veterans' benefits context still means that it was the appellant's (including the appellant's attorney's) fault or, put another way, that the appellant's reliance on VA was not the cause of the late filing.

## B. Application of Law to Facts

The appellant's contentions that equitable tolling should be applied on the ground that her service representative took a long time to review her claim and that she could not mail her NOA because the nearest U.S. Post Office closed early on the last day of the filing period will be analyzed separately.

The facts in *Irwin,* that the attorney's conduct caused the appeal to be filed late, are analogous to the first part of the appellant's contention here and thus *Irwin's* "excusable neglect" holding has direct application in this case. *See Irwin, supra.* Interestingly, the appellant appears to misconstrue the "excusable neglect" idea; she argues it as "good cause" shown pursuant to Fed.R.App.Proc. 4(a)(5), whereas, even if she could show good cause here, the Supreme Court specifically held in *Irwin* that equitable tolling is not allowed for instances of excusable neglect. *See Irwin, supra; see also Baldwin Co. Welcome Ctr. v. Brown,* 466 U.S. 147, 150–51, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) (holding that claimant who fails to make diligent efforts cannot invoke doctrine of equitable tolling); *Juice Farms, Inc., supra* (holding that claimant failed to show entitlement to equitable tolling where claimant's lack of due diligence caused untimely filing).

The latter part of the appellant's first contention, that the U.S. Post Office closed early and caused her to mail the NOA one day late, is a more difficult question but still does not

allow for the application of equitable tolling *within the parameters outlined by the Federal Circuit in Bailey or recognized by the Federal Circuit in any other case we have been able to find*. There are very few precedential cases from the Federal Circuit on equitable tolling, and none of those cases covers this type of situation. Two decisions of the U.S. Court of Federal Claims (Claims Court), whose decisions, as are the decisions of this Court, are subject to review by the Federal Circuit, discuss mailing and delivery. In *Raspberry v. Secretary of HHS*, 32 Fed. Cl. 777, 782–83, *aff'd*, 33 Fed.Cl. 420 (1995), the Claims Court applied equitable tolling where the appellant was located outside of Washington, D.C., and gave her motion for review to an overnight carrier two days before the deadline but the carrier failed to live up to its guarantee and delivered the motion one day late. The Claims Court stressed that the petitioner had "exercised due diligence in preserving her legal rights ... [by taking] steps that reasonably could be expected to result in a timely filing" and that "[p]erhaps the strongest reason to allow equitable tolling in [that] case relates to the nature of the Vaccine Act[, in which] ... Congress sought to create a new system that would compensate 'vaccine-injured persons quickly, easily, and with certainty and generosity' ". *Id.* at 782 (citing House Committee Report). In *Her v. Secretary of HHS*, 33 Fed.Cl. 542, 544–46 (1995)), the Claims Court held that equitable tolling was *not* applicable where the petitioners were located outside Washington, D.C., and gave their petition to a carrier on the day before the petition was due at court but the evidence failed to show that they had used due diligence in making sure that the petition would be delivered by overnight service so as to arrive on time). In distinguishing the circumstances there from those in *Raspberry*, the Claims Court held that the "factual details as presented in affidavits by the parties ... do not support the petitioners' assertions that they were *victims of circumstances beyond their control*." *Id.* at 545 (emphasis added).

Although it appears that the Claims Court has recognized that late filing due to circumstances beyond an appellant's control can provide a basis for the application of equitable tolling and that the facts of the instant case are closer to *Raspberry* than to *Her*—in showing that the appellant was unable to mail her NOA to the Court due to circumstances beyond her control—I am not able to find any precedential case in which the Federal Circuit has established "circumstances beyond the control" of the appellant as a basis for the application of equitable tolling.[2] *Cf. Spohn v. Secretary of HHS*, No. 95–0460V, 1996 WL 532610, at *6–*9 (Fed.Cl. Sept. 5, 1996) (discussing whether *Irwin* should be narrowly or broadly construed and finding lack of due diligence and denying equitable tolling), *aff'd*, 132 F.3d 52, 1997 WL 722955 (Fed.Cir.1997) (table), 1997 WL 722955, at *1.

The last ground argued by the appellant is that her misunderstanding of what 120 days meant was caused by VA conduct, that is, by ambiguity in the BVA Notice provisions. The appellant concedes that the BVA decision was mailed on April 2, 1997, and that she received a copy of the Notice. Hence, this is not a case of procedural error where the BVA decision is not final for purposes of direct appeal. *See Hayre v. West*, 188 F.3d 1327, 1332–33 (Fed.Cir.1999). The appellant argues, however, that because she is not educated or experienced she was confused by the language of the Notice as to how to count 120 days; she thought that the deadline was August 3 (four months after April 2) rather than July 31 (120 days after April 2). *See* App. Aff. at 2. The Notice stated: "A Notice of Appeal must be filed with the Court within 120 days from the date of mailing of the notice of the BVA decision. The date of the mailing is the date that appears on the face of the BVA decision."

As to the appellant's contention, *Cummings v. West* is dispositive as a result of its

---

**2.** I note that a panel of the Federal Circuit appears to have cited to *Raspberry v. Secretary of HHS*, 32 Fed.Cl. 777, *aff'd*, 33 Fed.Cl. 420 (1995), with approval. *Taylor v. Secretary of HHS*, 91 F.3d 172 (Fed.Cir.1996) (table), 1996 WL 364528, at *1.

holding that VA is not required to provide detailed descriptions or information regarding a claimant's appellate rights. *See Cummings v. West,* 136 F.3d 1468, 1472, 1473 (Fed.Cir.) (holding that BVA Notice was sufficient under 38 U.S.C. § 5104(a)), *cert. denied,* —— U.S. ——, 118 S.Ct. 2373, 141 L.Ed.2d 740 (1998), *overruled on other grounds by Bailey,* 160 F.3d at 1368. Nor can I find anything misleading in the Notice's 120–day reference that could reasonably be said to have induced the appellant to miss the filing deadline. *See Butler,* 960 F.2d at 140–41 ("[a]lthough often effecting a seemingly harsh result, courts cannot disregard jurisdictional requirements established by Congress out of sympathy for particular litigants"); *see also Baldwin Co. Welcome Ctr.,* 466 U.S. at 152, 104 S.Ct. 1723 ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants"); *cf. Gilbert v. Secretary of HHS,* 51 F.3d 254, 257 (Fed.Cir.1995) (holding that equitable-tolling doctrine cannot apply where attorney misread statute).

### C.   Conclusion

For the foregoing reasons, the Secretary's motion to dismiss must be granted on the basis of the state of the law currently applicable to this Court.