**This version includes the errata dated February 8, 2000 - e**

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 97-1161

CHARLES E. CHASTAIN, APPELLANT,

v.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Decided   January 24, 2000  )

*Juan D. Keller* for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; and *Thomas A. McLaughlin* were on the pleadings for the appellee.

Before NEBEKER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

STEINBERG, *Judge*: Before the Court in this appeal, on remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), is a jurisdictional issue of the timeliness of filing in this Court of the appellant's Notice of Appeal (NOA). *Chastain v. West*, 178 F.3d 1309 (Fed. Cir. 1998) (table), 1998 WL 804561, at *1.  The Court's determination of this issue turns on whether the circumstances of this case support the application of equitable tolling, within the meaning of *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc), to the 38 U.S.C. § 7266(a) 120-day judicial-appeal filing deadline.  For the reasons set forth below, the Court has referred this case to a panel for decision.  Because the Court will find that the situation here does not support the application of equitable tolling, the Court will dismiss this appeal for lack of jurisdiction.

**I. Relevant Background**

On July 9, 1997, the appellant filed through counsel an NOA from an October 9, 1996, decision of the Board of Veterans' Appeals (BVA or Board) that determined that new and material evidence had not been presented to reopen a previously and finally disallowed claim for Department of Veterans Affairs (VA) service connection for a low back disability. That same day, the appellant filed a motion for the Court's consideration of the appeal that had been filed more than 120 days after the October 1996 BVA decision. On September 12, 1997, the Court, by single-judge order, dismissed this appeal for lack of jurisdiction; the Court cited as controlling authority two decisions of this Court: *Pittman v. Brown*, 9 Vet.App. 60, 65 (1996) (BVA notice of appellate rights satisfies 38 U.S.C. § 5104(a) requirements), *rev'd on other grounds*, 124 F.3d 227 (1997), and *Dudley v. Derwinski*, 2 Vet.App. 602, 603 (1992) (en banc order) (holding that equitable estoppel and equitable tolling cannot apply to extend the 120-day NOA filing period set forth in 38 U.S.C. § 7266(a)). *Chastain v. Gober*, No. 97-1161, 1997 WL 603552 (Vet. App. Sep. 12, 1997). The Court also noted there a minority view in this Court that equitable tolling was applicable to this Court's NOA filing period. *Ibid*. (citing *Bailey v. Gober*, 10 Vet.App. at 453, 455-56 (1997) (Kramer, J., dissenting)); *id*. at 456-57 (Steinberg, J., dissenting); *Dudley*, 2 Vet.App. at 603 (Kramer and Steinberg, JJ., dissenting).

The judgment was entered by this Court on October 6, 1997. The appellant appealed, and on November 19, 1998, the Federal Circuit reversed this Court's decision and remanded this appeal for a determination, pursuant to intervening precedent, of whether the appellant is entitled to have the statutory time limit in 38 U.S.C. § 7266(a) equitably tolled. *Chastain*, *supra* (citing *Bailey*, 160 F.3d 1360). The Court received the Federal Circuit's mandate on January 12, 1999.

On January 29, 1999, the Court, by single-judge order, recalled its October 6, 1997, judgment in this appeal, revoked the Court's September 12, 1997, order, and reinstated this appeal. The Court also ordered (1) that the Secretary file, and serve on the appellant, a copy of any VA Form 4597, in the appellant's claims file, that appeared to have been included with the Board's decision mailed to the appellant and any evidence that such form was so included and (2) that, after the Secretary served his response, the appellant show cause why this appeal should not be dismissed for lack of jurisdiction. The Court also stayed proceedings pending further order of the Court. On February 26, 1999, the Secretary responded to the Court's January 29, 1999, order; he submitted a copy of the VA

Form 4597 that was attached to the October 9, 1996, BVA decision. On March 26, 1999, the appellant responded to the Court's show-cause order. On April 30, 1999, the Court ordered the Secretary to reply to the appellant's March 26, 1999, response. On June 23, 1999, the Secretary filed a reply. On October 29, 1999, by single-judge order, the Court dismissed this appeal for lack of jurisdiction. *Chastain v. West*, No. 97-1161, 1999 WL 1023835 (Vet. App. Oct. 29, 1999).

On November 11, 1999, the appellant filed, through counsel, a motion for a panel decision pursuant to Rule 35(b) of this Court's Rules of Practice and Procedure (Rules). He argues that (1) "it cannot be said that the circumstances surrounding [his] filing of his appeal are controlled by this Court's precedents", (2) in *Bailey*, 160 F.3d at 1368, the Federal Circuit held that the veteran was entitled to a presumption of equitable tolling and given that presumption, it is "critical for the Court to determine whether [VA] has the burden to prove that the presumption should be overcome, rather than an imposition of a burden of proof on [the appellant] to prove that there was a basis for equitable tolling", and (3) the Court "failed to consider the uniquely benevolent nature of the veterans process and . . . to consider whether the filing of the appeal should be viewed from the position of a non-adversarial process or an adversarial process." The appellant also asserted, without supporting legal authority, that allowing the single-judge order to stand would result in a violation of the appellant's constitutional due process rights.

The Court notes that the appellant's arguments were not previously made to the Court and that the Court disfavors piecemeal litigation. *See Lynch v. West*, 12 Vet.App. 391, 393 (1999) (this Court has "repeatedly discouraged appellants from raising arguments to this Court . . . that were not argued in the appellant's initial [pleading] to this Court"). Nonetheless, the single judge has sua sponte withdrawn the October 29, 1999, single-judge order and referred the appeal to a panel, which will consider the appellant's arguments.

## II. Analysis

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by that decision generally must file a timely

NOA with the Court. *See Bailey*, 160 F.3d at 1363. To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4, an NOA must have been received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the underlying final BVA decision was mailed. *See Leonard v. West*, 12 Vet.App. 554, 555 (1999). *But see Evans (Billy) v. West*, 12 Vet.App. 396, 399 (1999) (citing cases regarding equitable tolling of NOA-filing period under certain circumstances).

In the instant case, on July 9, 1997, the appellant filed, through counsel, an NOA from an October 9, 1996, BVA decision. Thus, the appellant's NOA was filed more than 120 days after notice of the BVA decision was mailed. The question before the Court, therefore, is whether the circumstances here regarding the appellant's NOA qualify for equitable tolling of the statutory judicial-appeal time period.

In *Bailey*, the Federal Circuit characterized *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), as having held that "equitable tolling is available in suits between private litigants . . . 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Bailey*, 160 F.3d at 1364 (quoting *Irwin*, *supra*). The Federal Circuit held in *Bailey* that equitable tolling in the paternalistic veterans' benefits context does not require *mis*conduct (such as trickery, *id*. at 1365); however, *Bailey* does require the appellant to have been misled or induced by VA conduct "into allowing the filing deadline to pass". *Id*. at 1364 (quoting *Irwin*, *supra*); *see also Leonard v. West*, 12 Vet.App. 554, 557 (1999) (Steinberg, J., concurring). There must be cause and effect; that is, the appellant must have relied to his detriment on something that VA did (or should have but did not do). *See Bailey*, 160 F.3d at 1365 (noting that veteran had accepted and relied on VA advice and was misled by that advice "into allowing filing deadline to pass"). Therefore, "excusable neglect" in the veterans' benefits context still means that the late filing was the appellant's (including the appellant's attorney's) fault or, put another way, that the appellant's reliance on VA was not the cause of the late filing.

The appellant concedes that he received in October 1996, with the October 6, 1996, BVA decision on appeal, a copy of the BVA Notice of Appellate Rights (Notice). He argues, however, that the Court should revisit its holding (that that Notice is adequate under 38 U.S.C. § 5104(a)) in *Pittman*, *supra*, because its rationale is questionable and it is an obvious encroachment on the

4

lawmaking authority of Congress. Response (Resp.) at 5-7. The Court cannot here reconsider its holding in *Pittman* because the issue is controlled by *Cummings v. West*, in which the Federal Circuit held that the Notice was adequate under section 5104(a). *Cummings*, 136 F.3d 1468, 1474 (Fed. Cir.), *cert. denied*, 118 S. Ct. 2373 (1998). Although the Federal Circuit, in *Bailey*, 160 F.3d at 1368, has overruled *Cummings* as to equitable tolling, the *Cummings* holding as to the adequacy of the Notice is still good law and is binding on this Court. *See Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991).

In addition, the appellant contends that the Notice is confusing in various respects, such as whether the appellant was required to retain an attorney in order to appeal to the Court. Resp. at 8-10. However, *Cummings* is again dispositive as a result of its holding that VA is not required to provide detailed descriptions or information regarding a claimant's appellate rights, including any information on representation. *Cummings*, 136 F.3d at 1472-73. Nor can the Court find under *Bailey* anything misleading in the Notice's reference to representation before the Court that could reasonably be said to have induced the appellant to miss the filing deadline. *See Butler v. Derwinski*, 960 F.2d 139, 141 (Fed. Cir. 1992)) ("[a]lthough often effecting a seemingly harsh result, courts cannot disregard jurisdictional requirements[,] established by Congress[,] out of sympathy for particular litigants"), *overruled in part on other grounds by Bailey*, 160 F.3d at 1368; *see also Baldwin Co. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam) ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants"); *cf. Gilbert v. Secretary of HHS*, 51 F.3d 254, 257 (Fed. Cir. 1995) (holding that equitable-tolling doctrine cannot apply where attorney misread statute).

The appellant further asserts that errors (which he does not specify) by the Secretary below resulted in the appellant's confusion about his case and that equitable tolling is permitted based on misleading actions by the Secretary coupled with the appellant's diligent efforts to gather information to file his appeal and his inability to gather that information within the 120-day period. Resp. at 10-12. The appellant, however, has failed to show the requisite cause-and-effect relationship between any VA adjudicative conduct and his failure to file a timely appeal. *See Irwin*, *supra*; *Bailey*, 160 F.3d at 1364. As the Secretary argues (Reply at 4-6), this is **not** a case where the appellant

5

missed a filing deadline because he relied on erroneous representations by VA. Moreover, the appellant's diligent efforts to gather information to file his appeal, in and of themselves, do not support equitable tolling. *See Bailey*, *supra*; *see also Leonard*, 12 Vet.App. at 557 (Steinberg, J., concurring).

The appellant contends that an appellant is entitled to a presumption of equitable tolling, and that, therefore, the Court needs to determine whether the burden of proving whether the presumption has been rebutted should be shifted from the appellant to the Secretary. Contrary to that contention, neither *Bailey* nor *Irwin* provides for that particular presumption or a shifting of the burden of proof as to whether the circumstances of a particular case warrant equitable tolling. The Supreme Court in *Irwin* stated:

> A waiver of sovereign immunity "'cannot be implied but must be unequivocally expressed.'" Once Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation. We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.

*Irwin*, 498 U.S. at 95-96 (citations omitted). That passage from *Irwin*, which was quoted in *Bailey*, *supra*, refers to a presumption that equitable tolling potentially available to toll specific statutory time limits absent Congress' clear intent otherwise to rebut that presumption. *See also Bailey*, 160 F.3d at 1365 (holding that "absent a contrary congressional expression, the Court . . . would be entitled to toll the statute of limitations found in section 7266"). The appellant cites to no language in *Bailey*, or any other case, that provides, once it is determined that equitable tolling is potentially available as to a particular statutory filing deadline, a basis for placing the burden on the Secretary to establish that the specific circumstances of a case do not warrant equitable tolling. Nor can the Court find in *Bailey* any such language.

Finally, because the appellant did not raise a due process argument in his initial pleadings in this case, the Court need not reach that due process argument. *See Bucklinger v. Brown*, 5 Vet.App. 435, 441 (1993) (Court will avoid reaching constitutional questions in advance of necessity of deciding them). Nonetheless, the Court concludes that, because the appellant's assertion

was vague and presented without supporting legal authority, that argument will not be considered. *See Brewer v. West*, 11 Vet.App. 228, 236-37 (1998) (where appellant offered "mere assertions of constitutional impropriety for which he [did] not provide[ ] any legal support," Court concluded that it need not deal further with appellant's vague argument).

### III. Conclusion

In view of the single-judge's withdrawal of the October 29, 1999, order and sua sponte referral of this appeal to a panel for decision, the appellant's motion for panel decision is denied as moot. Upon consideration of the foregoing analysis, the record on appeal, and the submissions of the parties, the Court grants the Secretary's motion and dismisses this appeal for lack of jurisdiction.

APPEAL DISMISSED.